363 So.2d 278 (1978)
Lloyd Thomas PAYNE
v.
STATE of Mississippi.
No. 50691.
Supreme Court of Mississippi.
October 4, 1978.
Rehearing Denied November 1, 1978.
Joe B. Timmons, Tupelo, for appellant.
A.F. Summer, Atty. Gen. by Calvin Coolidge Williams, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Lee County, Mississippi, for the sale of a controlled substance. The indictment was returned on August 16, 1976. An attorney was appointed on August 23, 1976, and on the same date appellant executed a waiver of arraignment and entered a plea of not guilty. The date of his trial was August 31, 1977.
Appellant alleges two assignments of error, namely:
*279 1. The court erred in not dismissing the indictment against the defendant when more than 270 days passed from the time of arraignment until the date of trial as required by Mississippi Code Annotated section 99-17-1 (Supp. 1977).
2. The verdict of the jury was the result of bias, prejudice, or fraud, or is manifestly against the weight of the credible evidence.
There is no need to discuss the second assignment of error as the cause is disposed of by the first. We agree with that assignment and reverse the cause.
At the 1976 session the Legislature passed the following statute, Code section 99-17-1. This statute is plain and unambiguous and reads:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
It is readily seen that the accused was tried and convicted more than 270 days after his arraignment and plea of not guilty. The only question remains is whether or not the delay comes within the framework of the exceptions in the statute.
Lee County has four terms of circuit court: The first Monday of February; the third Monday of May, August and November. The record reveals that during the November, 1976, term (December 3, 1976), the court issued an order continuing the cause "on motion of the defendant." The only further information regarding trial settings, as seen from the record, are copies of subpoenas issued on behalf of the State commanding witnesses to appear on February 17, 1977, during the February term of court, and on June 9, 1977, during the June term of court. There is no order continuing the cause for any reason at the request of either party. Nor are there any motions requesting continuance after December 3, 1976.
On August 1, 1977, after subpoenas had been issued for trial on August 31, appellant's attorney filed a motion to dismiss, setting out, among other grounds, the statute hereinbefore cited. No ruling on this motion appears in the record.
The only possible exception we could attribute to those authorized by Code section 99-17-1 is the period of time between December 3, 1976, and the February, 1977, term of court. It is readily seen that even discounting this period of time appellant was not tried within the mandatory period set out in the statute. The cause is therefore reversed and appellant discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.