Defendant was indicted, tried, and convicted in the Circuit Court of the First Judicial District of Hinds County for the rape of a female child under the age of twelve years and sentenced to life imprisonment.
Defendant assigns as error: (1) denial of his right to a speedy trial, and (2) the jury verdict was against the overwhelming weight of the evidence. We do not reach the second assignment of error because we reverse for the reason that defendant was not tried within 270 days after his arraignment as required by section 99-17-1 Mississippi Code Annotated (Supp. 1978), and good cause for failure to comply with the statute was not shown. The statute provides:
 Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
Defendant was arraigned on July 11, 1977, and tried on November 27, 1978, more than 270 days after his arraignment. The question is whether the state showed good cause for not trying the defendant no later than 270 days after his arraignment.
The attorney then representing defendant, filed a motion for a psychiatric examination on July 25, 1977. An order providing for the examination of defendant was signed on August 8, 1977, but was not docketed and filed until April 7, 1978. Another firm of attorneys was appointed to represent the defendant in December, 1977. These attorneys made an investigation of the facts and unsuccessfully attempted to locate a witness who, according to the defendant, could establish an alibi.
The defendant remained incarcerated and wrote one of the Hinds County circuit judges inquiring about the status of his case. The Judge had the court administrator investigative and found that the order of August 8, 1977, was not entered on the docket but was loosely filed in the court file, and a copy of the order had not been delivered to the sheriff. Following a conference between the judge and the attorneys representing the defendant, and at the court's request, the attorneys filed another motion requesting a psychiatric examination. The motion was filed and an order entered on June 30, 1978. The psychiatric examination was completed and a report returned to the court on July 13, 1978. The attorneys for the defendant filed a motion on September 12, 1978, to dismiss the indictment on the grounds that more than 270 days had passed since defendant was arraigned and that defendant had been prejudiced by the unreasonable delay in the trial of his case because he could not locate a material witness.
After an evidentiary hearing, the court overruled the motion to dismiss because the procedure in use at that time required the attorney who obtained an order for psychiatric examination to see that the order was docketed and a copy furnished the sheriff so the sheriff could deliver the accused to the proper authorities for psychiatric examination.
We hold the trial judge erred when he failed to dismiss the case. "A defendant has no duty to bring himself to trial; the State has the duty as well as the duty of insuring that the trial is consistent with due process." Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Barker, the Court stated that a balancing test necessarily compels courts to approach speedy trial cases on a case by case basis and set forth four factors to be considered in determining whether a particular defendant has been deprived of his right to a speedy trial. One of the factors was stated as follows:
 Closely related to length of delay is the reason the government assigns to justify *Page 491 
the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay. (407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117).
Our speedy trial statute, section 99-17-1, is plain and unambiguous and requires trial of a defendant no later than 270 days after his arraignment unless good cause be shown for trial after 270 days. Payne v. State, 363 So.2d 278 (Miss. 1978). The state bears the burden of bringing to trial one charged with crime within the time prescribed by statute or showing good reason for failure to comply with the statute. In this case the defendant was charged with the responsibility of seeing that the order for his psychiatric examination was timely filed and placed in the hands of the sheriff, thus requiring him to monitor the administrative process of the trial court and to bring himself to trial. This was error because the responsibility for having a psychiatric examination made in compliance with the order of August 8, 1977, rested upon the state rather than the defendant. Failure to carry out this responsibility cannot be charged to the defendant. The result of the inaction of the state deprived defendant of his constitutional right to a speedy trial within the time fixed by the legislature. We hold that good cause was not shown by the state for failing to try the defendant no later than 270 days after his arraignment, and the trial court erred when it denied defendant's motion to dismiss.
Defendant also argued that he was prejudiced by the delay because a material witness became unavailable as a result of the delay in bringing him to trial. Barker v. Wingo, supra.
The state did not respond to this argument in its brief. Its failure to respond is tantamount to confession of error and will be accepted as such. The reason for the rule is that an answer to appellant's brief cannot be safely made by this Court, without our doing what appellee should have done, namely, brief the appellee's side of the case. This we are not called on to do.Stampley v. State, 284 So.2d 305 (Miss. 1973); Lawler v.Moran, 245 Miss. 301, 148 So.2d 198 (1963); Gulf, M. O.R. Co.v. Webster County, 194 Miss. 660, 13 So.2d 644 (1943). Seealso, other cases cited in Stampley. Although these cases dealt with the failure of an appellee to file any brief, the rule applies where appellee fails to respond to a part of appellant's brief.
Defendant makes a strong argument that he was prejudiced by the delay in his trial. The failure of the state to answer this argument is tantamount to a confession of error and will be accepted as such.
REVERSED AND DEFENDANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and BROOM and COFER, JJ., concur.
LEE, BOWLING and WALKER, JJ., dissent.