Indictments were returned on May 4, 1978, against Henry Lee Davis and Mattie Davis charging them with felonious possession of marijuana with intent to deliver. They were arraigned in the Circuit Court of Lauderdale County on May 5, 1978, and entered pleas of not guilty. On April 10, 1979, 340 days after arraignment, the circuit court dismissed the charges upon the ground that the State had failed to bring the defendants to trial within 270 days after arraignment as required by Mississippi Code Annotated section 99-17-1 (1972), which provides:
 Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
The State of Mississippi has appealed as provided by Mississippi Code Annotated section 99-35-103(a) (1972).
There is no dispute as to facts shown by the record.
At the June, 1978 term, the first held after arraignment, on June 23, 1978, the case was continued generally to the August, 1978 term upon the application of the defendants. This involved a delay of 45 days.
On August 7, 1978, the first day of the August, 1978 term, both sides announced ready for trial and the case was set for trial on August 29, 1978. However, on August 29, 1978, the day set for trial, the defendants filed for the first time, (1) motions to suppress evidence, (2) demurrers to the indictments and (3) motions to quash the indictments. The motions to suppress were based upon alleged defects in the affidavits and search warrants and the motions to quash upon alleged racial discrimination in the selection of the foreman of the grand jury which returned the indictments. On that date, at the request of the State, the court entered an order continuing the cases "because of the overcrowded condition of the court docket". The record reflects that there was no objection by either defendant and no request for trial. *Page 1097 
The October, 1978 term convened on October 2, 1978, at which time the delay attributable to the continuance was an added 34 days.
The only action relating to the cases at the October, 1978 term was that on October 25, 1978, both sides announced ready for trial and the cases were set for trial on November 10, 1978. The cases were not tried and the record is silent as to the reason. Again there was no protest or objection by defendants nor was there a request for trial.
On February 7, 1979, at the request of the State, an order was entered by the court continuing the cases until April 10, 1979. The order of continuance recited that this action was taken for the reason "that the toxicologist, a necessary witness in the prosecution in this case, is unavailable to testify at this time . . ." No protest or objection was made to the continuance by the defendants and there was no request by them for trial.
The defendants were represented by counsel and were at liberty on bail.
On April 10, 1979, the date set for trial, defendants moved to dismiss the charges because of the State's failure to bring them to trial within 270 days after their arraignment. The trial judge sustained the motions and discharged the defendants. In arriving at his conclusion, the trial judge allowed as a deduction from the total elapsed time of 340 days only the 45 day delay which resulted from the continuance of the case granted at the specific request of the defendants. He declined to deduct any delay resulting from continuances ordered by the court at the request of the State.
The trial judge erred in dismissing the indictments and discharging the defendants.
In reaching this conclusion, it is unnecessary to reach the question of whether or not a continuance, pursuant to an order entered by the trial court where there is no contemporaneous protest or objection whatever by a defendant, and no request for trial, carries with it a presumption of good cause.
The order entered by the court on August 29, 1978, must be considered, in the absence of any objection or protest thereto, because of the "overcrowded condition of the court docket" to have been for "good cause." The filing by the defendants of the demurrer and motions to quash on the eve of trial on this date, 81 days after arraignment, would have displaced the cases on the overcrowded trial docket of the court and made a new setting at the term difficult, if not impossible. This becomes evident when it is borne in mind that the motion to quash the indictment because of alleged racial discrimination in the selection of the foreman presented a factual issue, requiring an evidentiary hearing and was filed without notice on the day set for trial. The delay resulting from this continuance cannot be considered as having been without good cause, especially in the absence of any showing in the record to the contrary. In the complete absence of any protest or objection, or any request by defendants for trial, the continuances of June 23, 1978, August 29, 1978 and February 7, 1979 were entered for "good cause." Even if it is assumed that other delays were not justified, nevertheless, there must be deducted from the 340 days: (1) 45 days attributable to the continuance granted on defendant's own motion, (2) the 34 days delay following the filing of the several motions by defendants on the eve of trial on August 29 and due to the overcrowded condition of the docket, and (3) 62 days attributable to the continuance granted because of the absence of the State's witness, the toxicologist.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court set out what is sometimes referred to as a "balancing test," to be used in determining whether a defendant in a criminal case had been denied his constitutional right to a speedy trial. In that case the Court said that in making such a determination that the factors to be considered were: length of the delay, reason for the delay, the defendant's assertion of his right, and prejudice resulting to the defendant. *Page 1098 
These criteria were used by this Court in Harrington v.State, 336 So.2d 721, 723-724 (1976):
 In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) the United States Supreme Court announced a balancing test which takes into consideration the conduct of both the prosecution and the defendant in determining whether or not the accused's right to a speedy trial has been violated. The test is expressed as follows:
 A balancing test necessarily compels courts to approach speedy trial cases on an ad-hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. 407 U.S. 514 at 530, 92 S.Ct. 2182 at 2192, 33 L.Ed.2d 101 at 116-17 (Emphasis added).
In the present case clear justification for 141 days of the delay following arraignment appears from a consideration of the record. At no time on any of the occasions when the trial court entered orders for continuances were there any requests by the defendants for trial or assertion of their right to a speedy trial or objection or protest at the delay. Moreover, no prejudice is shown to have resulted to the defendants from the delays.
The case of Turner v. State, 383 So.2d 489 (1980), is distinguishable from the present case in that in Turner the State the present case in that in Turner the State failed to obtain any continuances but simply allowed 270 days to elapse after the date of the arraignment without bringing Turner to trial. The delay resulting from this non-action on the part of the State prejudiced Turner in that a material witness in his behalf had become unavailable. In Turner this Court also noted that the State had wholly failed to respond to the question presented and that this was tantamount to a confession of error.
In 57 A.L.R.2d 303, 306, Waiver or Loss of Accused Right to Speedy Trial (1958), appears the following:
 A majority of the cases hold that by failing to demand a trial, or by failing to make some effort to procure a speedier trial than that actually accorded to him by the state, accused waives his right to trial within the period prescribed by the statute, this being particularly true when accused is on bail. And it has been expressly pointed out that a failure to demand trial within the period prescribed by the statute will defeat a motion for discharge even though the statute does not expressly make such demand a requirement. And in the absence of an affirmative request or demand for trial it will be presumed that defendant acquiesced in the delay.
 . . . . .
The judgment appealed from will be reversed and the cases remanded for trial.
REVERSED AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.