Donald Sistrunk was individually indicted for five counts of embezzlement, on April 20, 1979, and Donald Sistrunk and Leslie M. Hammons were jointly indicted on two counts of embezzlement, on that same day. On May 7, 1979, both defendants waived arraignment as to all counts against them, and each entered a plea of not guilty. Sistrunk and Hammons entered motions to dismiss, on February 25, 1980, 294 days after arraignment, based on the ground that the State had failed to bring the defendants to trial within 270 days after arraignment as required by Mississippi Code Annotated section 99-17-1 (Supp. 1981), which provides:
 Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
After a hearing, the charges pending against Sistrunk and Hammons were dismissed by the Circuit Court of Harrison County.
The State of Mississippi has appealed as provided by Mississippi Code Annotated section 99-35-103(a) (1972), as provided by State v. Davis, 382 So.2d 1095 (Miss. 1980). Notwithstanding the granting of a motion to dismiss, where there is no actual prosecution of a criminal cause to final judgment, the limitations placed on the State by this statute are inapplicable, State v. Burrill, 312 So.2d 1 (Miss. 1975).
The facts shown by the record are undisputed, even though incomplete.
In the period between the indictment of Sistrunk and Hammons and dismissal of charges pending against them, only one of the counts which was pending against Sistrunk alone, went to trial. Although the trial had been set to dispose of several of the pending counts of embezzlement, during this period, no other trial was actually initiated. The record discloses that delay in three distinct instances was due to granting a continuance in the prosecution of the case. *Page 565 
On August 17, 1979, the trial court granted a continuance at the request of the State, since two material witnesses of the State would be absent from the jurisdiction until the latter part of September. The continuance extended over a 27 day period, and no protest or objection was made to it by the defendants and there was no request by them for trial.
On December 13, 1979, the circuit judge entered an order of continuance, with the agreement of both parties involved, that trial was to be reset in January at the request of either party. This continuance extended over a period of at least nineteen days.
The court also made a general order, to carry over all cases from the January term to the February term, which was three days later.
These continuances are similar to continuances which State v.Davis, supra, held must be deducted from the amount of time elapsing after arraignment, in determination of whether there has been a violation of Mississippi Code Annotated section 99-17-1
(Supp. 1981). The Court in Davis, supra, noted that a delay resulting from a continuance cannot be considered as having been without good cause, if there has been a complete absence of any protest or objection, or any request by the defendants for trial.
Since Sistrunk and Hammons in no way protested or objected to the continuances of August 17, 1979 and December 13, 1979, or ever requested trial, it is clear under Davis, supra, that the motion to dismiss by the defendants pursuant to Mississippi Code Annotated section 99-17-1 (Supp. 1981), was premature. This is especially true, since it is undisputed, that trial was set on March 18, 1980, and that such a trial would have been a timely one under Mississippi Code Annotated section 99-17-1 (Supp. 1981). It would be timely, because March 18, 1980 was 316 days after waiver of arraignment, and after considering the delay caused by the continuances of August 17, 1979, and December 13, 1979, which, as mentioned above, were duly ordered by the trial court without objection or request for trial by defendant, the trial was actually set 270 days after waiver of arraignment.
In keeping with the rule in Davis, supra, the case is reversed and remanded for trial.
REVERSED AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.