589 So.2d 1261 (1991)
Johnny Lee FORD
v.
STATE of Mississippi.
No. 90-KA-0441.
Supreme Court of Mississippi.
November 13, 1991.
Jannie M. Lewis, Lexington, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Johnny Lee Ford appeals his conviction of possession of cocaine with intent to sell for which he was sentenced to twenty-five years imprisonment and fined $10,000 by *1262 the circuit court of Holmes County. Because there was a violation of Ford's right to be tried within 270 days of his arraignment under Miss. Code Ann. § 99-17-1 (1986), we reverse and render and discharge the appellant.

FACTS
Since we are reversing on the ground that Ford's statutory right to a speedy trial was violated, the facts relevant to Ford's illegal search and seizure claim will not be addressed. Ford and his co-defendant, Ricky Allen, were arrested on January 24, 1989, when law enforcement officials from Holmes County and the City of Tchula found "rock" cocaine in the car in which Ford and Allen were sitting. They were jointly indicted for possession of cocaine with intent to sell on April 7, 1989. On April 12, 1989, they were both arraigned. On June 13, 1989, Ford filed a motion to suppress the evidence which was seized from the car and this motion was denied on July 10, 1989. Ford filed a motion for dismissal on April 11, 1990, based on Miss. Code Ann. § 99-17-1 (1986) since he had not been tried within 270 days of his arraignment. This motion was denied by Circuit Court Judge Gray Evans. The reasons for the denial do not appear in the record.
Ford was tried on April 16, 1990, at which time he again made a motion to dismiss based on the 270-day rule. This motion was denied by Circuit Court Judge Howard Q. Davis, Jr., on the basis that Judge Evans had already ruled, and Ford was convicted of possession of cocaine with intent to sell. No motion for a continuance was ever made by either Ford or the State.

LAW
Miss Code Ann. § 99-17-1 (1986) provides:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
We have held that § 99-17-1 is plain and unambiguous and requires trial of a defendant no later than 270 days after his arraignment unless good cause is shown for trial after 270 days. Turner v. State, 383 So.2d 489, 491 (Miss. 1980); Payne v. State, 363 So.2d 278, 279 (Miss. 1978). Where the facts show that the defendant's trial did not commence within 270 days of arraignment, the State bears the burden of establishing that there was good cause for the delay. Vickery v. State, 535 So.2d 1371, 1375 (Miss. 1988); Nations v. State, 481 So.2d 760, 761 (Miss. 1985).
Here, Ford's first motion for dismissal based on § 99-17-1 was heard by Circuit Judge Gray Evans without a court reporter. Ford's second motion for dismissal was heard at trial by Circuit Judge Howard Q. Davis, Jr. Judge Davis denied the motion because he said he would not go behind the ruling of another judge. The State contends that the fact that a record was not made of the good cause showing cannot support a conclusion that no showing was made of good cause. However, in Nations v. State, supra, this Court stated: "Where the record is silent regarding the reason for delay, the clock ticks against the State, for the State bears the risk of non-persuasion on the good cause issue." Nations, 481 So.2d at 761; see also Handley v. State, 574 So.2d 671, 674 (Miss. 1990); Vickery, 535 So.2d at 1375. In Moore v. State, the defendant was tried 341 days after his second arraignment, over two months beyond the maximum period authorized by statute. Moore v. State, 556 So.2d 1031, 1032 (Miss. 1990). Since nothing appeared in the record either excusing or justifying the delay, the court held that the conviction should be reversed and the defendant discharged. Id. at 1033.
In this case, no motion for continuance was made by either party. The only occurrence between arraignment and trial which would toll the 270 day period is Ford's motion to suppress on June 13, 1989. Any delays in prosecution attributable to a defendant tolls the running of the time period. Vickery, 535 So.2d at 1377; Perry v. State, 419 So.2d 194, 199 (Miss. 1982). *1263 Therefore, the days when the motion to suppress was being considered are not counted in the time period (June 13, 1989  July 10, 1989). However, even after discarding those days, more than 270 days passed between Ford's arraignment on April 12, 1989, and his trial on April 16, 1990.
A variety of circumstances have been held to constitute good cause under § 99-17-1. See Fisher v. State, 532 So.2d 992, 997 (Miss. 1987) (delay caused by defendant's appeal of unrelated death sentence); Williamson v. State, 512 So.2d 868, 876-77 (Miss. 1987) (congested court docket); Reed v. State, 506 So.2d 277, 281 (Miss. 1987) (delay caused by plea negotiations); Nations, 481 So.2d at 762 (judicial determination of good cause for granting continuance); Durham v. State, 377 So.2d 909, 910 (Miss. 1979) (delay caused by death in defense counsel's family). However, in this case, no such cause appears in the record.
Since more than 270 days passed between appellant's arraignment and his trial and there is no showing by the State in the record of good cause for the delay, it follows that this case must be reversed and the appellant discharged.
REVERSED AND RENDERED; APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., dissents without written opinion. See Flores v. State, 586 So.2d 811 (Miss. 1991) (McRAE, J., dissenting).