648 So.2d 66 (1994)
STATE of Mississippi
v.
Henry Lee HARRISON.
No. 90-KA-0984.
Supreme Court of Mississippi.
December 21, 1994.
*67 Charles G. Burdick, Asst. Dist. Atty., Pascagoula, for appellant.
Ross Parker Simons, Pascagoula, for appellee.
En Banc.
BANKS, Justice, for the court:
Harrison, a capital murder indictee, was discharged by the Jackson County Circuit Court following his motion for dismissal with prejudice on the basis that the State failed to provide Harrison a timely trial in compliance with Miss. Code Ann. § 99-17-1 (Supp. 1994). We choose this occasion to revisit the question of the appropriate construction of that statute and reverse and remand this matter for further consideration.

I.
Harrison was indicted for the capital murder of April Turner by a Jackson County Grand Jury on September 12, 1989. Three days later, Harrison was arraigned on this charge, entering a plea of not guilty. On June 7, 1990, Harrison was convicted of capital murder and sentenced to death. That matter is currently pending before this Court.
Harrison was also indicted by a Jackson County Grand Jury for the capital murder of Felisha Smith on October 6, 1989. At his October 27, 1989, arraignment on this charge, Harrison pled not guilty. Following arraignment, no motions for continuance were made by counsel and no sua sponte orders of continuance were issued.
On August 9, 1990, Harrison filed a motion to dismiss the capital indictment in the Felisha Smith case on the ground that the State failed to comply with the statutory guarantee of being brought to trial within 270 days of arraignment under Miss. Code Ann. § 99-17-1. The motion noted that, as of August 9, 1990, 286 days had elapsed since arraignment.
The circuit court heard argument on the motion on August 9, September 7 and September 10, 1990. Harrison contended he was entitled to discharge under four cases: Vickery v. State, 535 So.2d 1371, 1375-76 (Miss. 1988) ("where the record is silent regarding the reason for delay, as the record is silent here, the clock ticks against the State because the State bears the risk of non-persuasion on the good cause issue"); Turner v. State, 383 So.2d 489, 491 (Miss. 1980) ("[t]he state bears the burden of bringing to trial one charged with crime within time prescribed by statute or showing good reason for failure to comply with the statute"); Payne v. State, 363 So.2d 278, 279 (Miss. 1978) (defendant discharged for not being tried within 270 days absent good cause shown and continuance granted); and an unpublished *68 opinion, McJunkins v. State, 557 So.2d 560 (1990) (granting of continuance is mandatory to stop the 270-day clock).[1]
The State argued Harrison was not entitled to discharge under Miss. Code Ann. § 99-17-1 as (1) Harrison never moved for a speedy trial and (2) a speedy trial in the Felisha Smith case would have prejudiced the appellee. Also, as no trial date was ever set for the Felisha Smith indictment, the State contended it had no duty to move for a continuance.
Harrison responded that he has no duty to move the trial court for a speedy trial, as the criminal defendant is under no obligation to compel prosecution against himself. Furthermore, Harrison offered that the State's position that he would have been more prejudiced had he stood trial on the Felisha Smith charge was particularly puzzling, as Harrison argued to the contrary in the April Turner case.[2] Finally, Harrison informed the trial court that scheduling the Felisha Smith trial during the 270-day period following his October 27, 1989, arraignment would not have prejudiced him, so long as the State complied with his motions for discovery.
Regarding the State's contention that it was unnecessary to continue an action which has not been set for trial, Judge Maples noted, and the State concurred, that the prosecutor's office customarily prepares the trial docket for the Jackson County Circuit Court. Therefore, if no trial date was set for the Felisha Smith case, it was not set because the district attorney failed to place the case on the docket.

II.
The state brings this appeal from the circuit court order of dismissal. This Court has subject matter jurisdiction to hear an appeal by the State from a dismissal with prejudice under the 270-day rule under Miss. Code Ann. § 99-35-103(a). State v. Sistrunk, 404 So.2d 564, 564 (Miss. 1981); State v. Davis, 382 So.2d 1095, 1096 (Miss. 1980).
While federal and state constitutional rights to speedy trial under the Sixth Amendment of the U.S. Constitution and Article 3, § 26 of the Mississippi Constitution attach at the time the defendant is formally accused, United State v. Marion, 404 U.S. 307, 320-21, 92 S.Ct. 455, 463-64, 30 L.Ed.2d 468, 479 (1971); Smith v. State, 550 So.2d 406, 408 (Miss. 1989); Perry v. State, 419 So.2d 194, 198 (Miss. 1982), the statutory right to speedy trial attaches at arraignment. Adams v. State, 583 So.2d 165, 167 (Miss. 1991).
The accused is under no duty to bring himself to trial. Reed v. State, 506 So.2d 277, 281 (Miss. 1987). In cases where the defendant raises his statutory right to speedy trial and the record is silent regarding reasons for delay, the State has the burden to show good cause existed for the delay. Ford v. State, 589 So.2d 1261, 1262 (Miss. 1991).
Harrison did not invoke his constitutional right to speedy trial in his motion for dismissal, nor does he raise it in response to the State's appellant's brief. The disposition of this case rests on one question of law: Was Harrison's statutory right to speedy trial violated such that he is entitled to dismissal with prejudice?[3]

*69 III.
Miss. Code Ann. § 99-17-1 was amended in 1976 to provide:
Unless good cause shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
This language has remained unchanged to the present date.
The Court first applied the statute as it currently exists in Payne v. State, 363 So.2d 278, 279 (Miss. 1978). Finding the language of the statute to be "plain and unambiguous," the Payne Court held that the statute is violated, if the defendant is not tried within 270 days, unless the trial delay "comes within the framework of the exceptions in the statute." Id. Put another way, "[t]he State bears the burden of bringing to trial one charged with crime within the time prescribed by statute or showing good reason for failure to comply with the statute." Turner v. State, 383 So.2d 489, 491 (Miss. 1980).
In Turner, the appellant was tried more than 270 days after arraignment. Turner, 383 So.2d at 490-91. No motion for continuance, nor order for continuance, was of record. Id. This Court vacated Turner's conviction and discharged him. Turner, 383 So.2d at 491.
Since Turner, however, this Court has found a handful of circumstances where the 270-day provision was not violated even though no written order of continuance appears in the record. Arnett v. State, 532 So.2d 1003, 1010-11 (Miss. 1988) (where counsel for State and defendant orally agree to continuance without written order in record, clock stops for purposes of 270-day rule); Reed v. State, 506 So.2d 277, 280-81 (Miss. 1987) (where defendant acquiesces to engage in plea negotiations, clock stops for purposes of 270-day rule); Durham v. State, 377 So.2d 909, 909-10 (Miss. 1979) (when defense attorney fails to appear for trial because of a death in the attorney's family, time between scheduled date for original trial and next trial date is not taken into consideration for purposes of 270-day rule).
Of the three exceptions nominated in the preceding paragraph, none applies to the instant case.
The State argued before the trial court and on appeal that the trial docket was crowded and, implicitly, that Harrison could not have been brought to trial on the Felisha Smith charge within 270 days of indictment.[4] On the other hand, the State admitted it did not seek a continuance in the Felisha Smith case, nor was a continuance ever granted in the Smith case. Furthermore, the State admitted that the Smith case was never scheduled for trial even though the District Attorney's office for the 19th Judicial District customarily prepares its own docket, submitting it to the appropriate court administrator for approval.
Arguably, the State could rely on three cases which treated crowded dockets as "good cause" under Miss. Code Ann. § 99-17-1: Folk v. State, 576 So.2d 1243, 1246 (Miss. 1991); Williamson v. State, 512 So.2d 868, 877 (Miss. 1987); and Kinzey v. State, 498 So.2d 814, 816 (Miss. 1986). In Folk and Kinzey, however, this Court found crowded dockets justified delay in trial only if the trial court granted a continuance for this reason.[5] *70 In Williamson, it is uncertain whether a continuance was ever ordered. Williamson, 512 So.2d at 877 (Miss. 1987). Assuming, arguendo, that no order of continuance was granted, Williamson and the facts of the instant case are initially found in the same posture.
In Williamson, the defendant was not tried in Yalobusha County Circuit Court until 278 days after indictment. Id. at 877. The Yalobusha County court convened two terms every year: January and July. Id. As it was impossible for the defendant to stand trial in the January term because of docket congestion, the case was moved back to the July term  pushing the trial date beyond the 270-day restriction. Id. Holding the actions of the circuit judge did not violate the defendant's right to a speedy trial, this Court wrote: "[W]e do not wish to imply that congested dockets will in every case constitute good cause for delay under the 270-day rule. Because of this, we limit our ruling today to these particular facts." Id.
Unlike the situation in Williamson, Harrison could have been tried for the Smith murder within the 270-day time frame. The prosecution chose to try him for the Turner murder. In fact, Harrison complained to the Jackson County Circuit Court that he was compelled to defend himself on the Smith charge before the Turner charge. Quoting from the record, Harrison's attorney stated the following to the trial court:
If the State walked into the courtroom and said we move ore tenus to continue this case because we have a crowded docket. [sic] They show Your Honor some proof of their crowded docket, and Your Honor agrees, you are right, you have a crowded docket: you can't try this case within two hundred seventy days, I will continue it. You sign an order. At least it is in the record that you continued it. That may well be good enough. They didn't do either one of those things. Not only did they not do it, but prior to the trial of this case, if Your Honor remembers, in 89-10,504 [the April Turner case] we filed a motion asking you to dismiss or prohibit 89-10,504 or ask you to prohibit them from seeking the death penalty because they were trying to prosecute our client first. And this is all in the motion and in the record. They are trying to prosecute our client Henry Harrison first on the April Turner case. Her death happened six months after Felisha Smith's. We were alleging they were trying to prosecute their case first because April Turner was a white girl and they could get a death penalty a lot easier than they could on Felisha Smith. And they were discriminating against my client by pursuing that case first. And Your Honor sat on this bench and listened to that motion. So, it's not like we haven't raised this issue before. We complained about the order in which they were trying these cases way back then.
As stated in the recitation of facts, Harrison was indicted for the capital murder of Felisha Smith of October 6, 1989, and arraigned on this charge on October 27, 1989. Harrison's motion to prohibit the State from seeking the death penalty on the Turner indictment was filed May 31, 1990. The motion was argued on Friday, June 1, 1990.[6] Unlike Williamson, the Smith charge could have been tried before the Turner charge. It was not. The Turner trial began on Monday, June 4, 1990. In any event, the state could have secured a continuance in the case not tried.
As in Williamson, however, we are confronted with a serious offense, capital murder, and a brief overrun of the statute, 16 days when the motion was filed. While some of the elements of defense preparation for the two cases, mental status defenses, character and history evidence for the penalty phase, for example, would be the same, it is clear that it is not reasonable to expect that either side could prepare for both cases at once. Nevertheless, it is not too much to expect that the state should take the time to *71 note for the record that it needs additional time to bring a particular case to trial.
The statute has been violated. Our choices are to: (1) ignore that fact on the ground of the peculiarity "of these particular facts" Williamson, 512 So.2d at 877; (2) Apply the statute as we have in other cases in the past and discharge; e.g. Ford v. State, 589 So.2d 1261 (Miss. 1991); (3) recognize the violation but revisit our prior pronouncements regarding the necessity that continuances be duly granted and appear of record; Id. or (4) recognize the violation and revisit the issue of remedy. We choose the last option.

IV.
This court recorded an extensive debate regarding the proper remedy for a violation of the statute in question in Winder v. State, 640 So.2d 893 (Miss. 1994) (See, dissenting opinions of Justices Banks and Sullivan.) There, this writer argued that the remedy of dismissal with prejudice was not dictated by either the language of the statute, the treatment of its antecedent provision, or necessary to accomplish the objectives of either. Id. at 913-15. It was also argued that nothing that the legislature has done since the adoption of the statute supports the supposition that there has been legislative ratification of a construction compelling dismissal with prejudice. Justice Sullivan, on the other hand, urged that the construction given was dictated by the plain wording of the statute, logical, consistently followed, in line with similar provisions in other states and ratified by legislative inaction. Id. at. 912.
It should suffice to say that today's majority accepts most of the reasoning set forth in my dissenting opinion in Winder. We hold that dismissal with prejudice is not required by the statute unless the state upon the finding of a violation fails to persuade the court that the violation did not prejudice the defendant's ability to defend against the charge and that the state did not deliberately engage in oppressive conduct. If the court is so persuaded the remedy shall be dismissal without prejudice to reindictment.

V.
Applying that procedure to the instant case, the judgment of the trial court is reversed and this case is remanded to that court for a determination whether Harrison has been prejudiced by the delay incurred prior to dismissal and whether the state in delaying trial was deliberately engaging in oppressive conduct. If the court is persuaded that Harrison was not so prejudiced by the delay and that the conduct not deliberately oppressive, the indictment shall be dismissed without prejudice.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
SULLIVAN, J., dissents with separate written opinion, joined by McRAE, J.
SULLIVAN, Justice, dissenting:
The State violated the clearly expressed mandates of § 99-17-1 by failing to bring Henry Lee Harrison to trial within 270 days without a showing of good cause and a continuance duly granted by the court. Accordingly, the indictment should be dismissed and Harrison discharged pursuant to our prior case law and the clear meaning of the statute. For the following reasons as well as those set forth in my dissenting opinion in Winder v. State, 640 So.2d 893 (Miss. 1994), I reject the approach adopted by Justice Banks, and respectfully dissent.
It is clear from the facts that Harrison did absolutely nothing to delay his trial in this case. Furthermore, there is nothing in the record that can be relied on in support of the theory that somehow good cause existed for the delay. In fact, Harrison wanted to be tried for the Felicia Smith murder before being tried for the April Turner murder. This was not a disingenuous request as defense counsel stated on the record he would have no trouble being ready for the Felicia Smith trial provided he received all the discovery he was entitled to from the district attorney's office.
The district attorney's office, which customarily prepares its own docket and submits *72 it to the Jackson County Court Administrator, chose to bring Harrison to trial for the April Turner murder first. As the majority points out, although it might have been difficult to prepare for both cases at once, the district attorney's office could have easily obtained a continuance  a requirement clearly mandated by our plain and unambiguous speedy trial statute:
Unless good cause shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
Miss. Code Ann. § 99-17-1 as amended in 1976. (emphasis added).
The majority correctly points out that there were no motions for continuance made in this case. Nor did the court enter a sua sponte order of continuance. Further, I agree with my brother Banks that this is not one of the limited situations where we may find no violation in the absence of a continuance. The statute was violated and we must discharge Harrison  the analysis need go no further. I disagree with the majority's determination that there is an "issue of remedy" to "revisit." The statute, as pointed out by Justice Banks, has not been changed since it was amended in 1976. It no more lends itself to the majority's interpretation today than it did when we deemed the statute "plain and unambiguous" sixteen years ago. Payne v. State, 363 So.2d 278 (1978).
Justice Banks proposes that we reverse and remand this case for a determination of whether or not Harrison was prejudiced by the delay, and if the court finds that he did not suffer prejudice as a result of the delay, "the indictment shall be dismissed without prejudice." (Banks, J., opinion at 12) According to the majority, only if prejudice is shown will the indictment against Harrison be dismissed with prejudice. The problem is, this Court has never required, nor does the statute contemplate, a showing of prejudice to the defendant's ability to defend himself before the indictment is dismissed with prejudice.
Not only has the Legislature retained the 270 day statute without amendment since our interpretation of its meaning sixteen years ago in Payne v. State, 363 So.2d 278 (1978), the Legislature has just recently imposed the statute on our new court of appeals. I believe that although the statute has not been technically re-enacted, the imposition of the current 270 day rule on our new court of appeals is another example of the approval with which our interpretation of the statute has been met. Moreover, the Attorney General recently asked the Legislature to shorten the 270 day rule to 90 days because of the overcrowded jails in this state. It is a harsh, but necessary, rule, and at this stage we are bound to follow its clear import.
The predecessor statute read: "All indictments shall be tried at the first term, unless good cause be shown for a continuance." Miss. Code Ann. § 99-17-1 (1972). In Heard v. Clark, 156 Miss. 355, 126 So. 43 (1930), this Court, holding that the defendant was not entitled to discharge, declined to accept the defendant's invitation to construe that statute as reading: "All indictments shall be tried at the first term, and cannot be thereafter, unless good cause be shown for a continuance." Id. at 357, 126 So. 43. (emphasis added). The statute as amended states that a defendant may be tried within 270 days of arraignment, and no later. The amended statute reflects synonymous language to that which the Heard Court expressly declined to adopt. It is obvious that dismissal of the indictment with prejudice is the only "remedy" now contemplated by the statute.
Additionally, we recently stated that the 270 day rule "is in form and nature not unlike a statute of limitations. It reflects a societal imperative for prompt trials." Folk v. State, 576 So.2d 1243, 1245 (Miss. 1991). The state's allotment of time within which to put Harrison on trial ran out. As the majority admits, the statute was clearly violated. Prosecution of Henry Lee Harrison is at this point impermissible.
We have never before required an accused to show prejudice before he may effectively argue that his statutory right to a speedy trial has been violated. In Turner v. State, 383 So.2d 489 (Miss. 1980), we found in favor of the defendant's argument that the state *73 violated the 270 day statute. We focused on the state's inaction and failure to show good cause for the delay in holding that the trial court erred on the 270 day issue. Id. at 491. We engaged in an intermixing of statutory and constitutional standards. However, the Turner Court's reference to the state's failure to rebut the defendant's argument that he had suffered prejudice as a result of the delay was clearly dicta with regard to the statutory speedy trial issue.
At most, the prejudice factor was arguably relevant, not essential, to the defendant's claim in Turner. Justice Lee dissented to the Turner majority because he believed that the 270 day statute should only be held to have been violated if the accused suffered prejudice as a result of the delay. Justice Lee would have concurred with the majority opinion if prejudice had been established as a requirement.
Prejudice to the defendant was again mentioned in State v. Davis, 382 So.2d 1095, 1098 (1980). However, the establishment of prejudice to the defendant was no more a requirement in Davis than it was in Turner. Arguably prejudice was not even relevant in the Davis case, as it too involved an intermixing of constitutional and statutory analysis on the speedy trial issue. Moreover, the prejudice issue has been ignored since the Davis case  an indication that if prejudice to the defendant was once deemed relevant, we have since rejected that position.
Even if my colleagues disagree, and find that the issue of prejudice to the defendant is relevant to the statutory 270 day analysis, it cannot be denied that a showing of prejudice is clearly not contemplated by the language of the statute, nor has it ever been required, even in the context of the constitutional right to a speedy trial. Wiley v. State, 582 So.2d 1008, 1013 (Miss. 1991), citing Flores v. State, 574 So.2d 1314, 1323 (Miss. 1990); Trotter v. State, 554 So.2d 313 (Miss. 1989).
Our speedy trial statute does not place an onerous burden on the prosecutors or circuit courts of this state. In fact, 270 days is a considerable amount of time in comparison to most state statutes and rules of criminal procedure. See Winder, 640 So.2d at 908-10 (Sullivan, J., dissenting). Moreover, the fact that only seven defendants have been discharged since the statute was amended indicates that the district attorneys and courts of this state are able to comply with its mandate.
The state clearly violated our speedy trial statute. Because the clear remedy enunciated by the legislature and interpreted by this Court has remained unchanged, I must respectfully dissent.
I would affirm the action of the Jackson County Circuit Court.
McRAE, J., joins this opinion.
NOTES
[1] Harrison stated on the record that the trial court could, if it elected, disregard McJunkins and base an order of dismissal on Vickery, Turner and Payne. McJunkins is an unpublished opinion. As mandated by Miss.Sup.Ct.R. 35(d), unpublished opinions "shall not be cited, quoted, or referred to by any court or in any argument, brief or other materials presented to any court except in continuing or related litigation upon an issue such as res judicata."
[2] April Turner was white. Felisha Smith was black. In the April Turner case, Harrison filed a pre-trial motion seeking to prohibit the State from seeking a death penalty on the April Turner indictment. The motion, in general, maintained the District Attorney's office for the Nineteenth Judicial District disproportionately pursued the death penalty in cases where the victim was white as opposed to cases where the victim was black. Harrison contended this practice nullified a host of constitutional rights he secured under the federal and the Mississippi constitutions. As it applied to the two indictments against Harrison, the appellee argued he was prejudiced by being compelled to defend himself in the April Turner case before defending himself in the Felisha Smith case.
[3] We need not address the other issues raised by the state, namely, that the court erred by conferring with other circuit judges on the issue before him and by requesting an order showing that he relied upon authority other than an unpublished opinion. It should suffice to say that the issue before that court and this is primarily legal on uncontested facts and that as shown in this opinion the court reached the right result on the issue whether there was a violation of the statute on the facts presented.
[4] The state propounded this argument in a postruling hearing. Prosecutor Burdick informed the trial court it prosecuted Harrison on the April Turner charge during the first week of June 1990. The same office then prosecuted capital cases in July and September 1990. Finally, the same office had scheduled three capital trials for November 1990.
[5] Folk found crowded dockets "good cause" under Miss. Code Ann. § 99-17-1, so long as the continuance stated another criminal case prevented the case at bar from being tried that day. Folk, 576 So.2d at 1246. Kinzey, on the other hand, disposed of the appellant's 270-day argument on grounds unrelated to crowded dockets. Kinzey, 498 So.2d at 816. Kinzey then went on to find that a partial and valid reason for delay under Barker analysis was crowded dockets. Id. at 817. Thus, a crowded docket was unrelated to the 270-day claim in Kinzey.
[6] At this hearing, Harrison's attorney contended that the State was pursuing the Turner indictment first because Turner was white and Smith was black. Harrison's attorney alleged the underlying intent of this decision was to secure an easier death sentence in the Turner case as Harrison is black.