744 So.2d 339 (1999)
Kenneth R. LITTLE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00516-COA.
Court of Appeals of Mississippi.
June 8, 1999.
Rehearing Denied September 21, 1999.
Certiorari Denied November 24, 1999.
*340 William O. Townsend, Brandon, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE McMILLIN, C.J., KING, P.J., AND SOUTHWICK, P.J.
McMILLIN, C.J., for the Court:
¶ 1. This case comes before the Court as an appeal from the conviction of Kenneth R. Little of sexual battery. Little, convicted by a jury in the Circuit Court of Rankin County, has appealed raising three issues. We find the issues raised by Little to be without merit for reasons we will proceed to discuss; therefore, we affirm the conviction.

I.

Facts
¶ 2. Little was indicted on two counts of sexual battery against a male child under the age of fourteen years. The offenses were alleged to have occurred sometime between September 1 and September 30, 1990, those being the approximate dates that Little resided in the same home as the child. The wording of the two counts was identical; however, at trial, the prosecution said that one count was intended to cover an act of fellatio committed on the child and the other was intended to cover the charge that Little forced the child to perform fellatio on him.
¶ 3. The proof consisted primarily of the testimony of the alleged victim, who related in simple and graphic language a claim that both such events had occurred. The child's testimony was corroborated by a treating psychologist who was allowed to relate what the child had told her in the course of her treatment of the emotional difficulties believed to flow from Little's activities. The child's sister was also permitted to testify as to certain things related to her by her brother in the immediate *341 aftermath of one of his alleged encounters with Little that were probative of Little's guilt. The range of time in which the events occurred was, because of the victim's inability to identify dates with any certainty, reconstructed from evidence showing the times that Little was in the same home with the child and had the kind of access necessary to accomplish the activities described by the victim.
¶ 4. Little testified in his own defense and denied any such improper activity with the child. At the close of the proof, the trial court permitted the State to combine the two separate counts into one count to be submitted to the jury and instructed the jury that it could convict if it believed that Little had participated in either or both forms of fellatio with the child. The jury returned a verdict of guilty.
¶ 5. Though the offenses were alleged to have occurred in 1990, Little was not indicted until October 5, 1993. According to the clerk's docket, Little waived arraignment on February 11, 1994. His trial began on January 8, 1997, almost three years after he waived arraignment.

II.

The First Issue: The Specific Date of the Alleged Offense
¶ 6. Little moved to compel the State to declare with more certainty than a thirty-day range exactly when the alleged offenses occurred. The trial court denied the motion, finding that, based on the facts of the case and the limited intellectual abilities of the victim, it would have been impossible for the State to prove the exact date of the offense with any more precision than had already been demonstrated. Little now claims that the trial court's denial of his motion was error. Of course, the practical effect of granting the motion, thereby making the exact date of the offense an essential element of the State's proof, would be that the crime could not be proven with the requisite certainty to support a conviction. Granting the motion would be the equivalent of an order of dismissal of the charges.
¶ 7. Section 99-7-5 of the Mississippi Code provides that "stating the time [for an offense] imperfectly" does not render an indictment insufficient "where time is not of the essence of the offense...." Miss.Code Ann. § 99-7-5 (Rev.1994). We have nothing before us that would suggest that time was an essential element of this crime, nor is there any indication that the lack of specificity struck a critical blow to Little's defense, such as might be the case were Little attempting to establish an alibi defense. In Morris v. State, the Mississippi Supreme Court, suggesting some "employment of common sense" was in order, sustained a conviction on three counts of various forms of sexual abuse of a teenage girl by her stepfather even though the only proof as to time was that the events occurred on weekends or nights when the child's mother was not at home over a period from May to March of 1986. Morris v. State, 595 So.2d 840, 841-42 (Miss. 1991). The court said:
In this case, the victim's testimony amply illustrates the fact that the State could not narrow the time frame any more than it did. Defendant was fully and fairly advised of the charge against him. This assignment of error is without merit.
Id. at 842. We find that language to have equal application to the case now before us, and we decline to disturb Little's conviction on this basis.

III.

The Second Issue: Uncertainty as to Count Submitted to Jury
¶ 8. Little claims that the trial court committed reversible error by failing to rule on his motion to sever the two counts and then not informing him as to which count was being submitted to the jury. The trial court, at commencement of the trial, announced that it was reserving a ruling on whether to sever the two counts. *342 The court ultimately took the matter up mid-trial. Rather than grant Little's severance motion, the trial court followed the State's suggestion that the two counts be combined into one charge and the jury be instructed that it could convict if it believed either (a) that Little had performed fellatio on the child or (b) that Little had forced the child to perform similar acts on him. Defense counsel interposed no objection at the time the State proposed this resolution of the matter and the jury was so instructed. Specifically, Instruction Three informed the jury as follows:
The defendant has been charged in an indictment in the case with the crime of sexual battery.
If you find from the evidence in this case, beyond a reasonable doubt, that on or about or between the 01 day of September, 1990 and the 30th day of September, 1990, in Rankin County Mississippi, the defendant, Kenneth R. Little, did:
1. willfully and unlawfully,
2. engage in sexual penetration with [the victim], a male child less than 14 years of age at the time,
3. by inserting his penis into the mouth of [the victim] and or by causing the penis of [the victim] to be inserted into his own mouth, then you shall find the defendant guilty as charged.
If the State has failed to prove any one or more of the above listed elements, beyond a reasonable doubt, then you shall find the defendant not guilty.
¶ 9. In his brief, Little claims that he remains uninformed as to which count he was convicted on. That, simply put, is not a sustainable argument. The record reflects quite clearly that the two counts were collapsed into one charge without objection from the defense. An instruction permitting the jury to convict if it believed either form of sexual penetration occurred was given by the trial court without objection from the defense. Little could not possibly have been confused as to which count was being submitted to the jury because, at the point of the trial court's ruling, only one count remaineda count that charged two alternate versions of sexual penetration as defined by the statute.
¶ 10. We decline to reach the question of whether charging and convicting on alternative theories was a permissible means of dealing with two closely-related but nevertheless separate charges of sexual offense because the matter was not timely raised with the trial court. Foster v. State, 639 So.2d 1263, 1295 (Miss.1994). Neither has that specific issue been raised before this Court and we do not consider it so detrimental to Little's right to a fundamentally fair trial that we are prepared to raise it on our own motion as plain error. Therefore, we find Little's arguments on this issue to be without merit.

IV.

The Third Issue: The Weight of the Evidence
¶ 11. Little makes a perfunctory argument that the verdict was against the weight of the evidence. He undertakes no analysis of the proof and points to nothing in the record so strongly demonstrating his innocence that it would outweigh the eyewitness testimony of the victim describing in brief and painfully blunt terms his treatment at the hands of Little. The State presented evidence of access by Little to his victim in the crucial period, the victim's own testimony, and testimony from others that tended to corroborate the victim's story. Countering that was, primarily, Little's own testimony denying that he committed the offenses. In those situations, the jury sits as finders of fact charged by law to determine what credibility to give to witnesses presenting competing and contradictory versions of events. McClain v. State, 625 So.2d 774, 781 (Miss. 1993). Absent some indication that there has been a substantial miscarriage of justice, once the jury has spoken on what credibility and weight it will assign to the *343 witnesses, the trial court, and this Court on appeal, may not intercede. Allison v. State, 724 So.2d 1014, 1019 (Miss.Ct.App. 1998). We determine that no relief is appropriate on this issue.

V.

The Final Issue: Little's Speedy Trial Claim
¶ 12. Little moved on January 7, 1997, to dismiss for failure to grant him a speedy trial. Prior to that time, Little had not demanded trial or, insofar as the record reveals, affirmatively objected to any of the nine continuance orders entered in the cause. In fact, the trial court, in considering Little's motion to dismiss, found as a matter of fact that Little had actually joined six of the nine continuance orders, though the court did not specify which ones and the orders themselves are not a part of the record before us.
¶ 13. The motion to dismiss stated that Little had been "deprived of a speedy trial as afforded him by the Constitution of the United States, the Constitution of the State of Mississippi, and by the laws of the State of Mississippi."
¶ 14. That motion was not dealt with by the trial court until the close of the first day of trial and the jury had been sent home for the evening. There is no explanation as to why the matter was not addressed until that time. Our own review of the record indicates that, at the time the trial was called, defense counsel announced, "The Defendant is ready, Your Honor." The defense did not reserve such rights as might exist under the dismissal motion and there was no indication that the trial court reserved a ruling on the motion for a later date. While it could be argued that the defendant abandoned his motion by announcing ready for trial without having first obtained a ruling on his speedy trial motion, the State does not advance such an argument. Traveling on the assumption that there was an informal understanding among the trial court and the attorneys that the motion would be addressed after trial began, we will consider the issue on the merits. However, in doing so, we caution counsel that it is important to preserve such informal agreements on the record in order to avoid potential procedural bars to meritorious arguments on appeal.
¶ 15. On appeal, Little purports to raise two separate aspects of denial of a speedy trial claim, i.e., the statutory requirement that the trial take place within 270 days of arraignment, subject to certain exceptions (Miss.Code Ann. § 99-17-1 (Rev.1994)), and the more general constitutional considerations discussed in the United States Supreme Court case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
¶ 16. It is only by a generous reading of Little's motion that it can be seen to raise the statute requiring that Little be tried within 270 days of his arraignment, since the motion refers only to "the laws of the State of Mississippi"a rather broad pronouncement at best. While there was the potential to properly narrow the focus at the hearing on the motion, that did not occur, at least by defense counsel's effort, since the trial court ruled on the motion without offering either attorney the opportunity to be heard. The trial court itself, in ruling on the motion, dismissed the rather explicit statutory time mandate by saying:
"[t]here is, you know, possibly a mathematical method to determine how many days should be charged against the State and how many days should be charged against the Defense, although that is possible to do in this case, the Court has not done that and has chosen, rather, to look below the surface of mere mathematics in the matter...."
¶ 17. While this disregard for "mere mathematics" is somewhat troubling in view of the terms of the statute, we must, nevertheless, consider the matter further to determine if reversible error occurred.
*344 ¶ 18. In 1976, the Mississippi Legislature adopted the present form of Section 99-17-1, which provides as follows:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
Miss.Code Ann. § 99-17-1 (Rev.1994).
¶ 19. Notably missing from this enactment was a legislative pronouncement of the consequence of a failure to try a defendant within the time limits. Additionally, the statute does not define "good cause," leaving that concept for judicial interpretation. In all other respects, the statute would appear to be an uncommonly straight-forward statement of what must occur once a criminal suspect is indicted. The apparent clarity of the statute has, in the actual circumstance, proven to be elusive.
¶ 20. The first sign of erosion of the seemingly-explicit language of the statute arose in regard to the necessity for "a continuance duly granted by the court" when a delay beyond the initial 270 days has occurred. Despite this statutory language, the Mississippi Supreme Court has permitted after-the-fact explanations for delays in trial even where there was no contemporaneous order of continuance. See, e.g., McGee v. State, 608 So.2d 1129, 1131-34 (Miss.1992).
¶ 21. Another area where the supreme court has, over time, taken action to lessen the impact of the statute is on the subject of what remedy is available to the defendant for a 270 day violation. The court, when first faced with the question of the effect of failing to try a defendant within 270 days, held that the charges must be dismissed with prejudice for a violation. Payne v. State, 363 So.2d 278 (Miss.1978). Later, the court retreated from that position and determined that, though a violation of the statute did require dismissal, the nature of that dismissal depended on two factors not mentioned in the statute. State v. Harrison, 648 So.2d 66 (Miss. 1994). The Harrison Court held that, in the face of a 270 day violation, the trial court must inquire into whether (a) the delay in trial had prejudiced the defendant in presenting his defense and (b) whether the State had engaged in oppressive conduct in failing to timely bring the case to trial. Id. at 71. If prejudice or oppressive conduct were found, the dismissal of the indictment would be with prejudice, but if no such findings were made, the dismissal would be without prejudice to a possible reindictment for the same offense. Id.
¶ 22. In a case decided less than two years after Harrison, the supreme court seemed to have engrafted an additional consideration onto the statute. See Walton v. State, 678 So.2d 645 (Miss.1996). In Walton, the supreme court addressed, for the first time, the issue of whether mere silence in the face of a delay beyond the 270 period might constitute a waiver of a right to dismissal under the statute. The court found that "Walton never raised the speedy trial issue within the time frame prescribed by the statute." Id. at 649. Later in the opinion, the supreme court, in an apparent assessment of the consequence of that failure, said that "Walton waived his right to complain about not being tried within 270 days, because he neither requested nor asserted his right to a speedy trial or objected to a delay and prejudice has not been shown by Walton." Id. at 651 (emphasis supplied).
¶ 23. While an argument could be made that Walton was actually decided on the basis that the State satisfactorily demonstrated good cause for the delay in trying Waltonand not on the issue of waiver by inactionwe observe that Justice Banks, writing in a dissent joined by Presiding Justice Prather, indicated his belief that the majority had adjudicated "that the 270 day statute was waived by Walton because he failed to object to any delays." Id. at 652 (Banks, J., dissenting, Prather, P.J., *345 joining). Additionally, this Court has recently written, citing Walton v. State as authority, that "a defendant must raise the speedy trial issue within the time frame prescribed by the statute" or be subject to a presumption that the defendant acquiesced in the delay. Frazier v. State, 739 So.2d 443 (¶ 4) (Miss.1999). Despite the clear pronouncement of this Court, we observe that our decision in Frazier did not turn on the waiver question since we subsequently determined that Frazier had made the requisite demand within 270 days.
¶ 24. Thus, though we find direction from Walton, from Justice Banks's dissent in Walton, and from our recent decision in Frazier, it appears that none of that guidance is absolutely controlling. We do, however, conclude that a fair reading of the precedent suggests that, when a defendant asserts a violation of the 270 day statute, the threshold question of whether the defendant made some sort of timely assertion of his right to be tried within 270 days is critical to consideration of the issue on the merits. Based on Little's prolonged failure to raise his right to be tried speedily, we conclude that he waived his statutory right to be tried within 270 days of his arraignment.
¶ 25. Our decision today leaves unanswered the question of what effect a failure to demonstrate prejudice has on an appeal when a timely demand is made. The supreme court, in a footnote in the case of Lanier v. State, indicated that the court had "abandoned the Harrison rationale" by its decision in Walton. Lanier v. State, 684 So.2d 93, 100 n. 2 (Miss.1996). In actuality, the Walton Court said only that "in the absence of a showing of prejudice to Walton's right to a fair trial by a delay beyond the 270 days, Walton's case should not be dismissed with prejudice." 678 So.2d at 650 (emphasis supplied). Whether a timely demand coupled with a violation unaccompanied by a showing of prejudice would result in a Harrison-style dismissal without prejudice or a Walton-style affirmance is a matter we leave for another day.
¶ 26. Having concluded that a demand is necessary to invoke the protection of the 270 day statute, we feel compelled to observe that, once issues of (a) waiver by inaction and (b) prejudice are interjected into a statutory claim, it would appear that Section 99-17-1 affords a defendant a very limited prospect for relief. A delay from time of arrest to time of trial of more than eight months is presumptively prejudicial under constitutional standards. Fleming v. State, 604 So.2d 280, 299 (Miss.1992). This period of time will necessarily, in every case, expire before 270 days have passed after arraignment. Since a presumptively prejudicial delay under constitutional standards invokes considerations of waiver and prejudice, it would seem logically improbable, if not impossible, that the defendant could fail on a constitutional challenge yet prevail under a Section 99-17-1 challenge (except possibly to obtain a dismissal without prejudice under Harrison). Such considerations are, however, beyond this Court's authority to address.
¶ 27. As to Little's separate speedy trial challenge brought on constitutional grounds, we merely quote the entire portion of Little's brief dealing with that issue:
As per Barker v. Wingo, [407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)] 592 So.2d 1382(sic) states that a defendant has a constitutional right to a speedy trial and that the factors to determine whether or not the defendant receives a speedy trial is determined by the length of the delay, the reason for the delay, and the defendant's timely assertion of his right to a speedy trial and the resulting prejudice of the defendant.
¶ 28. Little, in his brief, does not expand on these general pronouncements to show their applicability and impact on the particular circumstances of his case. We conclude that this perfunctory effort is *346 insufficient to properly raise the question on appeal. It is not the obligation of this Court to independently search the record front to back to ferret out those facts that would bear on the issue. It is the duty of the appellant to point with particularity to those facts in the record that impact on the issues of law he would have the Court consider, and follow that up with argument that is persuasive in its own inherent logic, or supported by citations to authority, making the case as to why the appellant's position should prevail. We do not find that the above quote meets that obligation and we hold that an independent challenge to Little's right to a speedy trial on constitutional rather than statutory grounds is not properly before the Court. We, therefore, decline to extend Little any relief on the issue.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.