ROBERTSON, Justice:
Appellant, Joseph E. Fairchild, was indicted and convicted in the Circuit Court of Copiah County, Mississippi, of the crime of embezzlement and sentenced to serve a term of two years in the State Penitentiary.
Appellant assigned seven errors, which he contends were committed by the trial court. Our decision on the first assignment of error, which was that the court erred in refusing to instruct the jury to find the defendant “Not Guilty”, will dispose of this case.
Fairchild, after 20 years service in the Marine Corps, retired on September 19, 1970, and returned to Crystal Springs, Mississippi, where he began to operate a Texaco filling station. He contacted Carroll Hood, president of Hood and Beasley Oil Company, with reference to acquiring an additional filling station, and the discussion led to an oral agreement whereby Fairchild would rent and operate a filling station in Hazlehurst, Mississippi, belonging to Hood and Beasley. Out of his own funds, Fair-child paid for the State and Town privilege licenses, and posted the required deposits with the electric company, water company, gas company, and telephone company.
The arrangement with Hood and Beasley was that they would charge him no rent *255 for the first six months, and after that the rent would be 1 cent per gallon of gasoline sold. Hood and Beasley, by tank truck, would place gasoline in the underground tanks at Fairchild’s service station. The gas would not be charged to Fairchild until it was run through the meters and either sold or used by him. In other words, Hood and Beasley would be responsible for any evaporation or leakage from their underground tanks, and Fairchild would be charged only for the metered gas. He would be charged the regular tank wagon price at which Hood and Beasley sold to all of their dealers. The weekly reading of the meters would be made each Monday and Fairchild would be billed immediately thereafter.
Ten invoices were introduced in evidence, each invoice reciting the total gal-lonage sold the preceding week and the total amount due. Each invoice recited on its face “Sold to Ed Fairchild”. His checks in payment of some of the invoices were good, but three were returned because of insufficient funds and were never made good. These three checks totaled $5,075.88, and this was the value placed in the indictment on the petroleum products of Hood and Beasley Oil Company which appellant was charged with embezzling.
Hood and Beasley admitted that they exercised no control over the appellant in the operation of the service station, except as to the hours operated. No reports were required of Fairchild, and the money was not required to be deposited in a separate account.
Carroll Hood, president of Hood and Beasley Oil Company, Inc., testified:
“Q In other words, he was running, he ran it to suit himself ?
“A Right, as long as he had the money for us on Monday.”
Hood and Beasley admitted that Fairchild set the retail sale price of the gasoline and passed upon the credit of all customers to whom he sold. They exercised no control or supervision over Fairchild in either of these particulars. If any gas was spilled by Fairchild or his employees, he owed Hood and Beasley for it at the regular wholesale price.
The indictment was framed under the provisions of Sections 2115 and 2118, Mississippi Code of 1942 Annotated (1956). It charges that Fairchild:
“ . . . was then and there, and prior thereto, an agent of Hood & Beasley Oil Company, Inc., and he the said defendant, did then and there by virtue of said agency receive and have in his custody and possession personal property, to-wit petroleum products of Hood & Beasley Oil Company, Inc., of the value of Five Thousand Seventy Five and 88/ioo Dollars in good and lawful money of the United States of America, a more accurate description of said property being to the Grand Jurors unknown of which property the defendant was bound under the terms of his said'agency, employment and trust, to safely keep until sold and the monies received therefrom to pay over to the said Hood & Beasley Oil Company, Inc. in said county, and then and there having said property in his custody and possession, as aforesaid, he, the said defendant did wil-fully, unlawfully, feloniously and fraudulently convert to his own use, make way with and embezzle the said property and monies received from the sale thereof, which were received and came into the care, custody and control of the said defendant by virtue of said trust, agency and employment, . . ..”
26 Am.Jur.2d, Embezzlement, § 26 (1966), and 3 Am.Jur.2d, Agency, §§ 21 and 17 (1962), set forth the tests to be applied :
“The term ‘agent’ as used in embezzlement statutes is construed in its popular sense as meaning a person who undertakes to transact some business or to
*256 manage some affair for another by the latter’s authority, and to render an account of such business or affair. The term ‘agent’ as employed in such statutes imports a principal and implies employment, service, and delegated authority to do something in the name and stead of the principal — an employment by virtue of which the money or property embezzled came into the agent’s possession.” (Emphasis added) 26 Am.Jur.2d at page 577.
‘‘The question whether an agency has been created is ordinarily a question of fact which may be established the same as any other fact, either by direct or by circumstantial evidence; and whether an agency has in fact been created is to be determined by the relations of the parties as they exist under their agreements or acts, with the question being ultimately one of intention. The question is to be determined by the fact that one represents and is acting for another, ..” (Emphasis added) 3 Am. Jur.2d at pages 430-431.
“The principal must intend that the agent shall act for him, the agent must intend to accept the authority and act on it, and the intention of the parties must find expression either in words or conduct between them.” (Emphasis added) 3 Am.Jur.2d at page 428.
The evidence simply does not meet these tests; the evidence establishes merely a debtor-creditor relationship. Hood and Beasley Oil Company, Inc. sold gasoline to Fairchild at the regular tank wagon price. They read the meters each Monday and billed Fairchild each week for the gasoline sold to him. Fairchild owed them for this gasoline just as any other debtor would owe any other creditor. All that concerned Hood and Beasley was being paid each week for the gasoline sold Faiixhild the preceding week. The evidence clearly shows that the intention oí the parties was that the business was Fairchild’s to be run as he saw fit, that Hood and Beasley would sell him gasoline at wholesale, and that he would pay them promptly each week when they billed him.
Under the proof adduced, Fairchild was not guilty of embezzlement and the trial judge should have so instructed the jury. The judgment is, therefore, reversed, and appellant discharged.
Reversed and appellant discharged.
GILLESPIE, C. J., and JONES, PATTERSON and INZER, JJ„ concur.