WALKER, Justice,
for the Court:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein appellant was indicted and tried on the charge of embezzlement under Mississippi Code Annotated section 97-23-19 (1972), and upon a jury verdict of guilty was sentenced to serve a term of ten years in the state penitentiary.
The indictment, as amended, charged that:
Charles Cowart . . . being then and there the agent, servant and employee of Aaron L. Ford, did then and there by virtue of said employment, as such agent and servant, have in his possession and under his control $9,700.00 good and lawful money of the United States of America, the property of Aaron L, Ford, *507 and did then and there fraudulently appropriate said $9,700.00 to his own use and did then and there wilfully, unlawfully and feloniously embezzle said money and convert the same to his own use with the wilful, felonious and fraudulent intent to cheat and defraud Aaron L. Ford,

Mississippi Code Annotated section 97-23-19 (1972), the statute under which appellant was indicted, provides, in part, as follows:
[I]f any . . . trustee ... or any clerk, agent or servant of any private person, shall embezzle or fraudulently . convert to his own use . any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, of employment, either in mass or otherwise, he shall be guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
When comparing the indictment with the statute, it can readily be seen that the state elected to proceed against the appellant on the theory that he was the agent of Aaron L. Ford and not a trustee, since the word “trustee” as used in the statute was omitted from the charge in the indictment.
The testimony in this case clearly demonstrates that the arrangement under- which the appellant received the money that he is charged to have embezzled was that of an escrow agent. The record shows that Mr. Aaron Ford contracted with B. & H. Better Homes, Inc. to do certain remodeling work on his home in the City of Jackson to the extent of $115,630.00 plus 2V2 percent sales tax. A dispute arose between Mr. Ford and B. & H. Mr. Ford required and B. & H. agreed to furnish a performance bond. One Albert C. Viscounty agreed to furnish the performance bond but as a condition required that the construction money be placed in escrow. It was agreed by all the parties that payment on the construction would be made as work progressed. Mr. Ford was advised that appellant, Charles V. Cowart, would serve as escrow agent, whereupon Mr. Ford made out his check in the amount of $38,455.33 to “Charles Co-wart, Escrow Agent,” and this sum was deposited in the Deposit Guaranty National Bank to the account of “Charles Cowart, Escrow Agent.” Mr. Cowart subsequently purchased a Mark IV Continental [automobile] and paid for same by drawing two checks totaling $9,700.00 on the escrow account. The appellant was charged with embezzlement growing out of this transaction.
The first question to be decided is whether the appellant Cowart was an agent of Aaron Ford. The status of an escrow agent, whether a trustee or, in fact, an agent is discussed in 28 Am.Jur.2d Escrow section 11 (1966) where it says:
To create an escrow, there must be a depositary with instructions from the parties as to their agreement concerning the delivery and taking effect of the escrow instrument, and his agreement to accept the custody of the instrument upon the terms specified in the agreement of the parties. .
In a broad sense, every depositary of an escrow is the agent of both parties, since for the purpose of marking delivery upon the performance of the conditions, he is no less the agent of the grantee than the agent of the grantor. He is empowered to aid neither, being merely the conduit used in the transaction for convenience and safety; and he may, therefore, be looked upon as a special agent of both parties, with powers limited only to those stipulated in the escrow agreement. As a special agent, the authority of the agent must be strictly construed and not extended beyond that which is given in terms, or that which is necessary and proper for carrying the authority so given into full effect. It has also been said that the depositary is the agent or trustee for both parties until *508 performance of the condition, but thereafter the dual agency changes to an agency not for both, but for each of the parties to the transaction in respect to those things placed in escrow to which each has thus become completely entitled. Sometimes it is said that from the time a deposit of an instrument is made in escrow, the escrow agent becomes the trustee of both parties. It has also been held that, strictly speaking, the depositary is not an agent at all, but rather the trustee of an express trust with duties to perform for each of the parties, which duties neither can forbid without the consent of the other. In other words, it is better to treat him, in accordance with his capacity, as a third party to whom the principal parties to the contract have entrusted certain authority by the escrow agreement; he must look to that entrusted authority for his powers and duties. When the depositary knows the terms of the agreement so that he may understand his duties, he acts by virtue of his own powers, and not as the agent of anybody.
The above discussion reflects the differences of opinion found in the authorities as to whether an escrow agent is in fact an agent or simply a trustee of an express trust with duties to perform for each of the parties. When discussing the scope of the meaning of the word “agent” in our embezzlement statute, this Court said in Fairchild v. State, 258 So.2d 254 (Miss.1972) that:
26 Am.Jur.2d, Embezzlement, § 26 (1966), and 3 Am.Jur.2d, Agency, §§ 21 and 17 (1962), set forth the tests to be applied:
“The term ‘agent’ as used in embezzlement statutes is construed in its popular sense as meaning a person who undertakes to transact some business or to manage some affair for another by the latter’s authority, and to render an account of such business or affair. The term ‘agent’ as employed in such statutes imports a principal and implies employment, service, and delegated authority to do something in the name and stead of the principal — an employment by virtue of which the money or property embezzled came into the agent’s possession.” (Emphasis added) 26 Am.Jur.2d at page 577.
“The question whether an agency has been created is ordinarily a question of fact which may be established the same as any other fact, either by direct or by circumstantial evidence; and whether an agency has in fact been created is to be determined by the relations of the parties as they exist under their agreements or acts, with the question being ultimately one of intention. The question is to be determined by the fact that one represents and is acting for another, . . . .” (Emphasis added) 3 Am.Jur.2d at pages 430-431.
“The principal must intend that the agent shall act for him, the agent must intend to accept the authority and act on it, and the intention of the parties must find expression either in words or conduct between them.” (Emphasis added) 3 Am.Jur.2d at page 428. (258 So.2d at 255-56).
In the case sub judice, Cowart undertook to hold the money delivered to him by Mr. Ford in escrow to be paid to B. & H. as the work on remodeling the home progressed. He was, in our opinion, acting as a special agent for both Ford and B. & H. with powers limited to those in the escrow agreement. He was, therefore, an agent within the meaning of Mississippi Code Annotated section 97-23-19 (1972).
The next question presented is whether the state met its burden of proof that Co-wart embezzled funds from the escrow account. The state seems to rely on the fact that Cowart drew two checks on the escrow account payable to Diamond Motor Company for the total sum of $9,700.00, one for $5,000.00 payable to Diamond Motor Company “For 1975 Mark IV” and the second check made payable to Diamond Motor Company in the amount of $4,700.00 “For 74 Mark IV Bal.” The checks were deposited to the account of Diamond Lincoln Mercury, Inc., and paid in due course. The state argues that the purchase of a *509 1974 Mark IV automobile was not an expenditure authorized by the escrow agreement.
At first blush, this argument seems persuasive. However, there was no proof for whom the automobile was purchased— no title certificate was introduced nor was there any testimony from Diamond Motor Company that the Mark IV was purchased in the name of the appellant or someone other than B. & H. or Mr. Viscounty who attempted completion work on the project when B. & H. defaulted. The evidence in this regard is highly unsatisfactory and justice demands a new trial. We are unwilling to say, under the record here presented, that the purchase of a Mark IV constituted embezzlement of the escrow funds without the state showing that the Mark IV was purchased for Cowart or some third person not entitled to receive funds under the escrow agreement or by a showing that the parties who were entitled to receive funds from the escrow agreement did not receive the Mark IV in payment of their services.
As to the appellant’s final assignment of error, we need only say that under the evidence presented in this case he was entitled to a circumstantial evidence instruction, although not the one submitted by him to the court as it attempted to define for the jury what would constitute a “reasonable doubt.”
The judgment of the lower court is therefore reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM and LEE, JJ., concur.
BOWLING, J., took no part.