841 So.2d 1138 (2002)
Tyrone ALEXANDER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00706-COA.
Court of Appeals of Mississippi.
January 8, 2002.
Rehearing Denied December 10, 2002.
Certiorari Denied April 3, 2003.
*1140 R. David Ford, Ripley, attorney for appellant.
Office of the Attorney General by: W. Glenn Watts, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING[1]
IRVING, J., for the court.
¶ 1. Tyrone Alexander is before this court on direct appeal from a jury verdict in the Tippah County Circuit Court finding him guilty of embezzlement. He submits several assignments of error which we quote verbatim below:
A. The evidence presented at trial was insufficient to establish the crime of embezzlement and the verdict of the jury was against the overwhelming weight of the evidence and the trial court committed reversible error in denying the Appellant's motion for JNOV and for a new trial.
1. The State failed to establish that Tyrone Alexander was an "employee" of "James E. Dees" as charged in the indictment, argued by the State during trial, and instructed to the jury.
2. The State failed to establish any fiduciary-type relationship or other relationship and entrustment of property.
3. The State failed to establish that Tyrone Alexander had the requisite intent to embezzle.
B. The trial court committed reversible error in refusing to grant Appellant's jury instruction number D-7.
C. The Appellant's right to an initial appearance was violated and the trial *1141 court committed reversible error in denying his motion to quash the indictment.
D. The Appellant's right to a speedy trial under the United States Constitution and under the Mississippi Constitution and the Appellant's right to be tried within 270 days of his arraignment were violated and the trial court committed reversible error in denying his motion to dismiss.
1. Tyrone Alexander's Rights to a speedy trial under the United States Constitution and under the Mississippi Constitution were violated and the trial court committed reversible error in denying his motion to dismiss based upon such violation.
2. Tyrone Alexander's right to be tried within 270 days of his arraignment was violated and the trial court committed reversible error in denying his motion to dismiss based upon such violation.
E. The Appellant received ineffective assistance of counsel.
¶ 2. In his motion for rehearing, Alexander noted that we did not in our original opinion address one of his issues. We do so in this modified opinion but find no error in any of the arguments that he raises. Therefore, we affirm.

FACTS
¶ 3. On April 10, 1998, James Dees, Circuit Clerk of Tippah County, arrived at his office at the courthouse around 6:00 a.m. Alexander entered Dees's office offering to wash Dees's car for forty dollars. Dees agreed to allow Alexander to wash his car. Dees paid Alexander in advance with a forty-dollar check drawn from the expense account of the circuit clerk and instructed Alexander to return Dees's car by 9:00 a.m. that same morning. Alexander testified that he picked up Tangy Prather and his intentions were to smoke crack cocaine, have sex with Prather, wash the car, and return the car to Dees. When the car was not returned at 9:30 a.m., Dees called Jeff Medlin with the Ripley Police Department and explained that his car was to be returned by 9:00 a.m. and that if the police spotted Alexander to tell him to return the car to Dees. In the meantime, Alexander had traveled to Benton County. That afternoon, Alexander was apprehended by the Benton County Sheriff's Department. Prather was not with him at the time of his arrest.

ANALYSIS AND RESOLUTION OF THE ISSUES
1. Weight and Sufficiency of the Evidence
¶ 4. Alexander asserts that the State did not prove beyond a reasonable doubt that he committed the act of embezzlement. Alexander's primary argument is that the State never proved that he was an employee of Dees. The indictment charged that:
Tyrone Alexander ... did unlawfully, willfully and feloniously embezzle and fraudulently secrete, conceal and convert to his/her own use a 1990 Oldsmobile Cutlass Supreme ... which had come into his/her possession and had been entrusted to his/her care and keeping by virtue of his/her position as an employee with the said James E. Dees, and did afterwards, then and there, without the consent of the said James E. Dees, unlawfully, willfully, fraudulently convert the same to feloniously embezzle the same and fraudulently convert the same to his/her own use....
(emphasis added). Alexander was indicted under section 97-23-19 of the Mississippi Code of 1972 as annotated and amended. This section provides:

*1142 If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, he shall be guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
Miss.Code Ann. § 97-23-19 (Rev.2000).
¶ 5. When evaluating the denial of a motion for JNOV or in the alternative for a new trial, the reviewing court must consider the evidence in a light most favorable to the prosecution. Gavin v. State, 473 So.2d 952, 956 (Miss.1985). The contentions made by the State should be taken as true. Id. Additionally, the State is entitled to all favorable inferences that can be reasonably taken from the evidence introduced. Id. If the evidence is of a nature that fair minded reasonable men could not have found the defendant guilty beyond a reasonable doubt, then this Court must reverse. Id.
¶ 6. Alexander says the term "employee" is not a term included in the embezzlement statute. We agree that the word "employee" is not included in the statute. However, we do not find this fact dispositive of the issue before us. Fairchild v. State, 258 So.2d 254, 256 (Miss. 1972), sets forth the test to be applied:
[T]he term "agent" as employed in such statutes imports a principal and implies employment, service, and delegated authority to do something in the name and stead of the principal an employment by virtue of which the money or property embezzled came into the agent's possession. The question whether an agency has been created is ordinarily a question of fact which may be established the same as any other fact, either by direct or by circumstantial evidence; and whether an agency has in fact been created is to be determined by the relations of the parties as they exist under their agreements or acts, with the question being ultimately one of intention. The question is to be determined by the fact that one represents and is acting for another.
(citations omitted).
¶ 7. Here, the evidence establishes that an agency relationship was created when Alexander was entrusted with authority by Dees to wash his car and return it by 9:00 a.m. Employment was established when Alexander was paid forty dollars to complete the job. Alexander admitted that he converted the car to his own use. Under these facts, it is clear that Alexander was acting as an agent and, in a general sense, an employee of Dees. Furthermore, whether Alexander was an employee was a fact question to be determined by the jury. We hold that the evidence was sufficient for a jury to find that Alexander was an agent/employee for the purposes of Mississippi Code Annotated Section 97-23-19 (Rev.2000).
¶ 8. Alexander also argues that there was a lack of evidence to prove any fiduciary relationship between him and Dees and that he did not possess the requisite intent to permanently deprive Dees of his car. It was up to the jury to *1143 determine Alexander's intent, and the jury resolved this issue adverse to Alexander. In order to find Alexander guilty, the jury had to find that he was a clerk or agent of Dees and that the car came into his possession by virtue of his employment. It cannot be seriously argued that he was not employed by Dees and that it was not because of that one time employment relationship that the car came into his possession.
2. Jury Instruction D-7
¶ 9. The proposed instruction reads as follows: "The court instructs the jury that an independent contractor is one who agreed to perform a service for principal, but whose physical conduct in the performance of service is not subject to the right of control by the principal." Alexander maintains that the instruction would have properly instructed the jury on the concept of independent contractor and accurately presented his theory of the case. The general rule observed when reviewing a court's denial of a jury instruction is that reversal is not required when the jury has been properly, fully, and fairly instructed by other instructions. Catchings v. State, 684 So.2d 591, 599-600 (Miss. 1996); Collins v. State, 594 So.2d 29, 35 (Miss.1992). Section 97-23-19 provides that one embezzles by virtue of his employment. We fail to discern Alexander's logic because even if he technically was an independent contractor and not an employee within the strict technical sense of an employee, he still was employed by Dees. Alexander was employed to wash Dees's car, whether as an independent contractor or employee.
3. Initial Appearance and Denial of Motion to Quash Indictment
¶ 10. Alexander filed a motion to quash the indictment alleging that he was denied his right to an initial appearance. As a consequence, he was held in Tippah County jail from April 10, 1998, until July 7, 1991, or 91 days without the benefit of an initial appearance. Alexander also alleged that he was neither completely informed of the charges against him nor offered bond. At all times, according to Alexander, assistance of counsel was requested; however, access to an attorney was not granted. In Alexander's brief, he asserts that he requested a preliminary hearing on July 10, 1998, but never received one because his case was continued when a municipal judge recused himself. Thereafter, his case was presented to the grand jury.
¶ 11. The court denied Alexander's written motion to quash the indictment and also denied Alexander's ore tenus motion to quash indictment due to clerical errors in the habitual or enhanced portion of the indictment. The court reasoned that failure to timely provide an initial appearance was not so prejudicial as to warrant quashing the indictment.
¶ 12. Alexander had a right to an initial appearance within forty-eight hours after his arrest. The general rule is set forth in Rule 6.03 of Mississippi Uniform Circuit and County Court Rules. This rule states: "Every person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance." URCCC 6.03. There is no dispute; the State failed to provide Alexander with an initial appearance as required by the rule. However, dismissal of the indictment is not the remedy for the violation. An illegal detention that consequently denies a defendant the right to a preliminary hearing alone is not sufficient to justify reversal. Esparaza v. State, 595 So.2d 418, 423 (Miss.1992). The defendant must show that failure to *1144 do so prejudiced the merits of his case. Id.
¶ 13. Indeed, Alexander was prejudiced by the delay in receiving an initial appearance, failure to fix a bond, and being denied access to an attorney. However, Alexander makes no assertion that the merits of his case suffered any prejudice. We find no reversible error on this issue.
4. Denial of Motion to Dismiss for Lack of a Speedy Trial
¶ 14. Alexander argues that the court erred in denying his motion to dismiss for lack of a speedy trial. He asserts that his state and federal constitutional rights, as well as his state statutory right to be tried within 270 days of his arraignment, were violated. Alexander argues that by the time he received his trial on April 4, 2000, 725 days had passed since his arrest, and 555 days had passed since his arraignment. Alexander maintains that he requested no continuances, and no evidence will show that he was ever unable or unwilling to stand trial.
a. Constitutional right
¶ 15. In the case sub judice, the trial court did not explain its analysis in terms of the Barker factors in its denial of Alexander's motion to dismiss; however, this Court can act de novo in performing the proper analysis. DeLoach v. State, 722 So.2d 512 (¶ 5) (Miss.1998). The right to a speedy trial attaches after an initial appearance. Birkley v. State, 750 So.2d 1245,1249 (Miss.1999); Smith v. State, 550 So.2d 406, 408 (Miss.1989). The Supreme Court has set forth a four-prong test in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to be utilized when reviewing possible violations of a defendant's right to a speedy trial. "The factors to be considered are: (1) length of delay; (2) reason for the delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) whether defendant was prejudiced by the delay." Birkley, 750 So.2d at 1249; Barker, 407 U.S. at 530, 92 S.Ct. 2182. The Barker factors require a weighing and balancing procedure which considers the facts in conjunction with the totality of the circumstances. Birkley, 750 So.2d at 1249.
(a) Length of delay
¶ 16. In calculating the length of delay for constitutional purposes, we begin with the date of arrest. Alexander was arrested April 10, 1998, indicted September 22, arraigned September 28, 1998, and tried April 4, 2000. Nearly two years or a total of 725 days passed before Alexander received the benefit of a trial. Any delay beyond eight months is presumptively prejudicial. Id. at 1249; Simmons v. State, 678 So.2d 683, 686 (Miss.1996). Although Alexander did not request any continuances, a number of other factors contributed to the delay, but due to the length of delay, this factor weighs in favor of Alexander.
(b) Reason for Delay
¶ 17. After a finding that the delay is presumptively prejudicial, we look to the reasons for the delay, and the burden shifts to the State to provide legitimate evidence to justify the delay. Birkley, 750 So.2d at 1250; State v. Ferguson, 576 So.2d 1252, 1254 (Miss.1991). A defendant cannot prevail on speedy trial grounds based on presumptive prejudice alone. Birkley, 750 So.2d at 1250; Hurns v. State, 616 So.2d 313, 317 (Miss.1993). Generally, "[w]here the defendant has not caused the delay, and where the prosecution has declined to show good cause for delay, we must weigh this factor against the prosecution." DeLoach, 722 So.2d at 517. However, "if the defendant is the *1145 cause of delay, he cannot complain thereafter." Id. at 517. When the delay is attributed to actions by the defendant, the speedy trial clock is tolled. Id.
¶ 18. On October 16, 1998, Alexander filed a motion for disqualification and/or recusal of both of the circuit judges for Tippah County. An order of recusal was filed on November 16, 1998, but a replacement judge was not appointed until January 14, 1999. When the judge was appointed, his docket was set for the year; this delayed the trial until the following year, 2000. On November 13, 1998, Alexander filed a motion to quash the indictment. When this motion was filed, no judge was available to hear it since both had recused themselves. This motion was not heard until March 20, 2000. Additionally, on February 18, 2000, Alexander filed a motion to change venue. The circuit court entered an order on March 20, 2000, changing venue to Lee County and setting a trial date for April 4, 2000. Also, the record reveals, without elaboration, that Alexander was arrested on three other occasions on unrelated charges while awaiting trial on the charges lodged against him in this case. The actions taken by Alexander and delays due to docket congestion weigh against both Alexander and the State.
(c) Assertion of Right
¶ 19. Alexander filed a motion to dismiss for lack of a speedy trial on March 30, 2000. A motion to dismiss does not constitute a demand for a speedy trial. Perry v. State, 637 So.2d 871, 875 (Miss. 1994). The failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial. Birkley, 750 So.2d at 1251. Moreover, Alexander's motion to dismiss was filed only five days prior to trial. This factor is weighed against Alexander.
(d) Prejudice
¶ 20. Alexander asserts that he was prejudiced by the delay because he was prevented from adequately assisting his counsel in the preparation of his defense; he says the length of the delay prejudiced his defense because of the effect it had on the memories of the witnesses. According to Alexander, one witness he planned to call was unavailable.
¶ 21. For this prong, the defendant must show two things: (1) actual prejudice, and (2) interference with defendant's liberty. Perry, 637 So.2d at 876. In addition, three interests should be assessed: (1) the prevention of oppressive pretrial incarceration, (2) minimizing the anxiety of the defendant, and (3) limiting possible impairment to the defense of the accused. Id.; Barker, 407 U.S. at 532, 92 S.Ct. 2182.
¶ 22. The defendant must show some prejudice in order to weigh this factor in his favor; incarceration alone is insufficient to warrant reversal. Birkley, 750 So.2d at 1252. The State argues that Alexander was not oppressed by pretrial incarceration due to the embezzlement charge, but was subjected to lengthy incarceration due to his arrest and conviction on a subsequent armed robbery charge[2] and his being arrested on three other felony charges during the interim between his arrest and trial.
¶ 23. When a witness with relevant information becomes unavailable due to delay, prejudice is obvious. Id. at 1252; Barker at 532, 92 S.Ct. 2182. Prejudice also is present when witnesses are unable *1146 to clearly and accurately remember the facts surrounding the case. Id. Alexander claims that Robert Fortner, Deputy Scott Poff, and Tangy Prather had some difficulty recalling facts. However, the State argues and we agree, that what they could not remember was not pertinent in terms of the outcome of the case. For example, Fortner identified Alexander as the person who tried to sell him Dees's cell phone. However, Fortner could not recall the exact description of the car Alexander was driving. It is difficult to see how the description of the car would help Alexander's defense. First, having Dees's cell phone helped to connect Alexander to Dees's vehicle since Dees had left the phone in the vehicle. Tangy Prather could not recall the exact time in the evening when she was with Alexander. Again, this information would not help Alexander's defense since he was supposed to have the car back by 9:00 a.m. Deputy Poff was the officer who arrested Alexander driving Dees's car in Benton County. He could not recall the color of the vehicle. However, there is no doubt about the car belonging to Dees. Alexander also argues that Thomas "Buddy" Cox, a potential witness for Alexander's defense, was unavailable to testify. However, Alexander does not explain how the absence of Cox's testimony prejudiced his case. Because there is no showing of actual prejudice to Alexander's defense, this factor weighs against him. In considering the Barker factors and the totality of the circumstances, we find that this issue lacks merit.
b. Statutory right to speedy trial
¶ 24. Alexander asserts that his statutory right to a speedy trial was also violated. The statute requires that "[u]nless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Miss.Code Ann. § 99-17-1 (Rev.2000). Approximately 555 days passed between Alexander's waiver of arraignment and the trial.
¶ 25. We have already discussed the reasons for the delay. Since Alexander was charged with having committed his crime against the circuit clerk for the county, he sought the recusal of all the circuit judges from that county. At the November 1998 hearing on the motion, the initially designated trial judge noted the probability of a delayed trial:
Court: Now, do you understand that you have asked the Court to recuse itself on this case, and do you understand that by doing that, that you are going to, of necessity, going to necessitate your client being a considerable length of time getting a trial over what it would be? Now, you understand that and your client understands that?
Defense Counsel: Yes, your Honor, ... I think the delay in his trial is worth it in the long run. He is indicted as an habitual offender, and I think the trade off is acceptable to him, your Honor.
Court: Well, he is present, and he has not indicated anything any differently, and so, I assume that it is, too.
¶ 26. The defense acknowledged the inevitability of delay and accepted it. The effect of the recusal was that no judge in this county any longer had authority to act on the case. When the case was not reached at succeeding terms of court, no judge in that county was likely entitled even to enter an order for continuance. Though a continuance motion could no doubt have been presented each Tippah County term to the assigned judge in Lee County, we find no meaningful effect on Alexander when that did not occur.
*1147 ¶ 27. The Supreme Court has held that at least in some circumstances, a criminal defendant may waive the statutory right by failing to make any demands for a speedy trial within the 270 day time period. Walton v. State, 678 So.2d 645, 650 (Miss.1996). There the Court found that a defendant had "waived his right to complain about not being tried within 270 days, because he neither requested nor asserted his right to a speedy trial or objected to a delay" and further because no prejudice from the delay had been shown. Id.
¶ 28. Not only did Alexander fail to assert his statutory right, he disclaimed it at the hearing on the recusal motion. Generally, questions of waiver of the right to speedy trial are reserved for constitutional analysis. Berry v. State, 728 So.2d 568, 570 (Miss.1999). However, in light of Walton, we have found statutory waiver exists in some situations. E.g., Little v. State, 744 So.2d 339, 344-45 (Miss.Ct.App. 1999); Byrd v. State, 741 So.2d 1028, 1032 (Miss.Ct.App.1999); Biggs v. State, 741 So.2d 318, 327 (Miss.Ct.App.1999).
¶ 29. We are not saying that Alexander canceled his right to insist on a speedy trial. We are saying that under Walton, at least when a defendant files a recusal motion that all participants in the process accept will delay the trial, that an affirmative duty arises to assert his statutory right to a speedy trial if the defendant is going later to allege a violation of the statute. Having a new judge appointed from a different county, and then making time in that judge's schedule for a trial, necessitates delay. The statute requires continuances duly entered. However, the assigned judge's absence from the county makes the formality of presentations of continuance motions more arduous.
¶ 30. The defendant in pursuing his recusal motion explicitly accepted that delay would result. After receiving what he wanted by recusal, he is not entitled on these facts to the benefit of the resulting technical problems under the speedy trial statute. We find good cause for the delay. Under the circumstances of this case, we also find the absence of orders of continuance to be excused.
¶ 31. The delay may extend too long, a problem that on these facts is more suitable for treatment as a constitutional speedy trial question. We examined that issue above and found no error.
5. Ineffective Assistance of Counsel
¶ 32. Alexander argues that he will have received ineffective assistance of counsel if this Court determines that he waived his constitutional right to a speedy trial by failing to present the matter to the trial court or to request or obtain a specific ruling, or if it is determined that he has failed to adequately preserve his issues in his motion for JNOV or a new trial.
¶ 33. The test for ineffective assistance of counsel requires a petitioner to show (1) deficiency of counsel's performance (2) and prejudice flowing from that deficiency to the defendant's defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must overcome the hurdle that an attorney's conduct is presumed "to fall within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052. Then, this Court must view the conduct of the attorney in light of the totality of the circumstances to discover if errors made by the attorney were "outside the range of professionally competent assistance." Id. at 690, 104 S.Ct. 2052. Additionally, even if an attorney makes mistakes which are professionally unreasonable, a setting aside of the judgment is not warranted. Id. at 691, 104 S.Ct. 2052. *1148 In the case at bar, a review of the record reveals that Alexander has neither shown that his attorney was deficient, nor demonstrated that his defense was prejudiced, assuming some deficiencies were shown. Therefore, this assignment of error lacks merit.
¶ 34. THE JUDGMENT OF THE CIRCUIT COURT OF TIPPAH COUNTY OF CONVICTION OF EMBEZZLEMENT AS AN HABITUAL OFFENDER AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TIPPAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] This opinion is substituted for that originally issued. The rehearing motion is denied.
[2] Alexander was convicted of an armed robbery charge while awaiting trial in this case; however, the conviction was later dismissed due to perjured testimony.