915 So.2d 1129 (2005)
Loi Quoc TRAN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00840-COA.
Court of Appeals of Mississippi.
December 6, 2005.
Austin R. Nimocks, Biloxi, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Loi Quoc Tran was convicted in the Second Judicial District of Harrison County of burglary of a dwelling, armed robbery, and aggravated assault. He appeals, asserting that the trial court erred in failing to (1) properly consider his motion to dismiss because of a violation of his statutory right to a speedy trial, and (2) allow him to argue to the jury the defense of duress. He also asserts that he received ineffective assistance of counsel.
¶ 2. Because we find that the notice of appeal was not filed within thirty days of the date of the final judgment, we lack jurisdiction; therefore, we dismiss this appeal.

FACTS
¶ 3. On January 31, 2001, two masked men entered the home of Dung Nguyen in order to burglarize the residence. At the time that the two men entered the home, the only persons present were Nguyen's daughter and son. The men pistol whipped Nguyen's daughter and demanded any money that was in the home. The men bound the young boy and girl in duct tape, and commenced to ransack the house *1130 while searching for valuables. While the men were searching the house, Nguyen returned home and became locked in a violent struggle with the intruders. During the struggle, Nguyen was shot twice. After the shooting, the two men fled the house, and Nguyen's daughter called the police. The two men, later identified as Loi Quoc Tran and his co-defendant, Dung Van Tran, were located hiding in the bushes of an adjoining subdivision, after having left a trail of clothing and gun parts from Nguyen's home. The intruders also left their blue Toyota parked outside of Nguyen's house, with the car keys abandoned inside the house.
¶ 4. Loi and Dung were indicted on July 30, 2001, by the grand jury of Harrison County. Tran was arraigned on August 10, 2001, and went to trial on September 17, 2003. On September 19, the jury convicted Tran on all counts. The trial judge entered final judgment on the same date, that is, September 19. Eleven days later, on September 30, Tran's trial counsel filed a motion for a new trial. The record does not reflect that this motion was ever ruled on. Even if it had been, it would have been of no avail because the motion was untimely, as it was not filed within ten days of the entry of the final judgment. See URCCC 10.05(6). The notice of appeal was not filed until April 9, 2004, more than six months after the entry of the final judgment. Therefore, it too was untimely, as it was not filed within thirty days of the final judgment. See M.R.A.P. 4(a).
¶ 5. The record reflects that on March 3, 2004, Tran filed a pro se motion seeking appointment of new counsel to represent him on appeal. It is unclear from the record whether new counsel was appointed or retained by Tran, as the record contains no order appointing appellate counsel. It is clear, however, that Tran acquired new counsel because appellate counsel did not represent Tran during the trial.
¶ 6. In its brief, the State points out that the record contains no ruling on Tran's motion for a new trial, although the State does not mention that the motion was untimely. Likewise, Tran's appellate counsel points out that there was no ruling on the motion for a new trial, but does not mention that the motion was untimely. Additionally, Tran's appellate counsel attests to the filing of the notice of appeal on April 9, 2004, but offers no explanation how this appeal can be considered timely, given the fact that the final judgment was entered on September 19, 2003. The record contains no order allowing Tran to appeal out of time.
¶ 7. On these facts, notwithstanding the failure of the State to raise the jurisdictional issue, we have no alternative but to dismiss this appeal, for we lack jurisdiction.
¶ 8. THIS APPEAL IS DISMISSED, AND ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.