999 So.2d 415 (2008)
LOI QUOC TRAN, Appellant,
v.
STATE of Mississippi, Appellee.
Loi Quoc Tran, Appellant,
v.
State of Mississippi, Appellee.
Nos. 2006-KA-01394-COA, 2004-KA-00840-COA.
Court of Appeals of Mississippi.
July 29, 2008.
Rehearing Denied October 28, 2008.
Certiorari Denied January 22, 2009.
*416 Glenn S. Swartzfager, Jackson, Austin R. Nimocks, Biloxi, attorneys for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On September 19, 2003, a jury in the Harrison County Circuit Court found Loi Quoc Tran guilty of Count I, burglary; Count II, armed robbery; and Count III, aggravated assault. Tran was sentenced to serve twenty-five years on Count I, ten years on Count II, and twenty years on Count III, with all sentences to be served in the custody of the Mississippi Department of Corrections. The sentences on Count I and Count III were ordered to run concurrent, and the sentence on Count II was ordered to run consecutive to the sentences imposed in Counts I and III. Tran subsequently filed a motion for a new trial. The record does not reflect whether this motion was ruled on.
¶ 2. Tran, after being appointed new counsel, filed his notice of appeal on April 9, 2004. This Court dismissed Tran's appeal sua sponte because the notice of appeal was filed untimely. See Tran v. State, 915 So.2d 1129, 1130 (¶¶ 6-7) (Miss. Ct.App.2005). Tran then filed a motion for post-conviction relief in the supreme court, which was granted on November 8, 2006. Tran now appeals asserting the following issues: (1) the trial court erred in failing to properly consider his motion to dismiss for a violation of his statutory right to a speedy trial; (2) the trial court erred in failing to allow him to argue his duress defense to the jury; (3) his trial counsel was ineffective; and (4) the cumulative errors necessitate reversal.

*417 FACTS
¶ 3. The facts are repeated from the Court's previous opinion in Tran, 915 So.2d at 1129-30(3). On January 31, 2001, two masked men entered the home of Dung Nguyen in order to burglarize the residence. At the time that the two men entered the home, the only persons present were Nguyen's daughter and son. The men pistol whipped Nguyen's daughter and demanded any money that was in the home. The men bound the young boy and girl in duct tape, and they commenced to ransack the house while searching for valuables. While the men were searching the house, Nguyen returned home and became locked in a violent struggle with the intruders. During the struggle, Nguyen was shot twice. After the shooting, the two men fled the house, and Nguyen's daughter called the police. The two men, later identified as Loi Quoc Tran and his co-defendant, Dung Van Tran, were located hiding in the bushes of an adjoining subdivision, after having left a trail of clothing and gun parts from Nguyen's home. The intruders also left their blue Toyota parked outside of Nguyen's house with the car keys abandoned inside the house.

DISCUSSION

I. DID THE TRIAL COURT ERR IN FAILING TO PROPERLY CONSIDER TRAN'S MOTION TO DISMISS FOR A VIOLATION OF HIS STATUTORY RIGHT TO A SPEEDY TRIAL?
¶ 4. In his first issue on appeal, Tran argues that the trial court erred in failing to properly consider his motion to dismiss for a violation of his statutory right to a speedy trial. Our standard of review in claims of speedy trial violations is as follows:
Review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause. Under this Court's standard of review, this Court will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court's finding of good cause, this Court will ordinarily reverse. The State bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.
DeLoach v. State, 722 So.2d 512, 516(¶ 12) (Miss.1998) (citations omitted). Tran states that his statutory right to a speedy trial was violated under Mississippi Code Annotated section 99-17-1 (Rev.2000), which states as follows:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
Tran's arraignment hearing was on August 10, 2001, at which time Tran waived the arraignment. Due to various continuances by the defendant and other matters, Tran was not tried until September 17, 2003, well past the 270-day deadline. However, we have held that if a defendant fails to raise the statutory right to a speedy trial within 270 days of his arraignment, he acquiesces to the delay. Mims v. State, 856 So.2d 518, 522(¶ 11) (Miss.Ct.App. 2003); Malone v. State, 829 So.2d 1253, 1257(¶ 11) (Miss.Ct.App.2002). See also Walton v. State, 678 So.2d 645, 649-50 (Miss.1996). This argument is without merit.

II. DID THE TRIAL COURT ERR IN FAILING TO ALLOW TRAN TO PRESENT A DURESS DEFENSE TO THE JURY?
¶ 5. In his second issue on appeal, Tran argues that the trial court erred in failing *418 to allow him to present a duress defense to the jury. Tran contends that, during closing statements, his attorney attempted to argue that his client was under duress at the time of the crime. The State objected to Tran's attempt to have the jurors place themselves in Tran's shoes, and the trial court sustained the objection. Tran cites correctly from the record, but he fails to point out that his duress defense was presented to the jury by a witness for Tran, by a jury instruction, and during his counsel's closing argument. We find no merit to this issue.

III. WAS TRAN'S TRIAL COUNSEL INEFFECTIVE?
¶ 6. In his third issue on appeal, Tran argues that his trial counsel was ineffective. In order to successfully claim ineffective assistance of counsel, Tran must demonstrate that (1) his attorney's performance was deficient, and (2) such deficient performance deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that the attorney's conduct fell within the wide range of reasonable professional assistance. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). Tran must show that, but for his attorney's performance, he would have received a different outcome at the trial level. Stringer v. State, 627 So.2d 326, 329 (Miss.1993).
¶ 7. Tran contends that his trial counsel committed forty-nine errors, and he lists all of them in his appellate brief. Tran's claims of ineffectiveness fall within the following groups: (1) his trial counsel failed to object to hearsay; (2) his trial counsel failed to object to improper speculative evidence; (3) his trial counsel failed to object to improper expert testimony; (4) his trial counsel failed to object to improper leading questions; (5) his trial counsel failed to voir dire a witness regarding physical evidence; and (6) his trial counsel failed to object to the introduction of a photograph into evidence. Upon review of the record, we note that many of Tran's specific instances of his trial counsel's ineffectiveness are repetitive.
¶ 8. In regard to Tran's contention that his counsel failed to object to hearsay statements, we note that deciding whether to object to hearsay "falls within the broad discretion given to counsel in formulating and carrying out his trial strategy." Carter v. State, 956 So.2d 951, 963-64(¶ 32) (Miss.Ct.App.2006). Most of Tran's argument concerns the testimony of one of the victims, Nguyen's daughter, during her recounting of the crime. During her testimony, Miss Nguyen was understandably emotional in recounting the ordeal, namely how she was held at gunpoint, hit with a gun, bound, and witnessed her father shot by the intruders. We find it reasonable to conclude that deciding not to object to these statements, which the trial judge may not have found to constitute hearsay, fell within the gambit of trial strategy.
¶ 9. In regard to Tran's contention that his trial counsel failed to object to improper speculative evidence, he cites to much of the same testimony of Miss Nguyen, including some testimony elicited on cross-examination. Most of Miss Nguyen's testimony is a descriptive and comprehensive account of what happened in her home that night, including how the intruders acted. Since Tran's defense was that he was under duress, we fail to see how his trial counsel was ineffective in failing to object to a witness's description of Tran's actions during the crime.
¶ 10. In regard to Tran's contention that his trial counsel failed to object to improper expert testimony, we note that he is again chiefly concerned with the testimony of Miss Nguyen. During her *419 testimony, Miss Nguyen stated that, after seeing her father shot twice, she was worried he might die. Tran contends that Miss Nguyen was not qualified to make such a medical determination. Miss Nguyen testified that "I honestly did not think my dad was going to make it because when the cop had came [sic] in there I don't think he was really breathing." We do not consider Miss Nguyen's statement a medical determination that only a qualified expert would be allowed to discuss. Tran also cites to a police officer's testimony of the specific caliber of a bullet recovered from the crime scene. The police officer who testified was the officer in charge of collecting evidence at the crime scene. This officer's testimony merely consisted of a laundry list of evidence collected at the crime scene, including bullets and shell casings. Since the officer did not offer opinion testimony that required any special forensics training, we cannot find that Tran's trial counsel was ineffective for failing to object to the testimony. See Holmes v. State, 754 So.2d 529, 538(¶ 26) (Miss.Ct.App.1999).
¶ 11. In regard to Tran's contention that his trial counsel failed to object to certain leading questions, we note that Tran has failed to prove that prejudice resulted from this questioning. Al-Fatah v. State, 856 So.2d 494, 503(¶ 24) (Miss.Ct. App.2003). "This Court also is mindful that not objecting to leading questions by the State could have been a trial strategy." Bullard v. State, 923 So.2d 1043, 1047(¶ 13) (Miss.Ct.App.2005). This contention is without merit.
¶ 12. In regard to Tran's contention that his trial counsel failed to voir dire a witness regarding the physical evidence, Tran states that although his trial counsel did object to the admission of a pair of white tennis shoes during Miss Nguyen's testimony, his trial counsel should have conducted a voir dire of Miss Nguyen. Tran cites no authority for this argument, so the issue is procedurally barred. Bell v. State, 879 So.2d 423, 434(¶ 28) (Miss. 2004).
¶ 13. In regard to Tran's contention that his trial counsel failed to object to the introduction of a photograph into evidence, Tran again cites no authority for this argument. This argument is procedurally barred. Id.
¶ 14. Tran has failed to demonstrate that his trial counsel was ineffective. Thus, we find no merit to this issue.

IV. DOES THE CUMULATIVE ERROR REQUIRE REVERSAL?
¶ 15. In his final issue on appeal, Tran argues that the cumulative error requires this Court to reverse his conviction and order a new trial. Finding Tran's arguments to be without merit, we do not find any cumulative error that would necessitate a reversal. Therefore, we affirm.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY, AND SENTENCE OF TWENTY-FIVE YEARS, COUNT II, ARMED ROBBERY, AND SENTENCE OF TEN YEARS, AND COUNT III, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS, WITH SENTENCE FOR COUNT I TO RUN CONCURRENTLY TO SENTENCE FOR COUNT III, AND SENTENCE FOR COUNT II TO RUN CONSECUTIVELY TO THE CONCURRENT SENTENCES FOR COUNTS I AND III, WITH ALL SENTENCES TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
*420 KING, C.J., MYERS, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.