DICKINSON, Presiding Justice,
Dissenting:
[Out constitutional] safeguards [are] the result of the tuisdom of centuries of experience, [and they] must be, by the courts, sacredly upheld, as well in [the] case of the guiltiest as of the most innocent defendant answering at the bar of his country.[3]
¶ 55. Whatever differences I may have with the majority, we surely agree on at least three things: (i) Only a grand jury may indict an accused; (ii) the grand jury-must indict for particular conduct it believes constituted a particular crime; and (iii) absent the accused’s consent otherwise, the State may seek a conviction for that crime, and no other.[4]
¶ 56. In this case, whether McBride was convicted of the crime for which the grand jury intended to indict him is a matter of pure speculation. Although I would not — at this point — reverse on this issue, I write separately to express my view. But because McBride’s trial was held in clear violation of Section 99-17-1 of the Mississippi Code, I would reverse his conviction. Because the majority refuses to do so, I respectfully dissent.
I. The wording of McBride’s indictment makes it impossible to know if he was convicted for the same conduct for which he was indicted.
¶ 57. More than eighty-five years ago, Justice Ethridge succinctly stated the principle on which I now stand:
I have never heard yet that the court could charge a person with one crime only, and convict him of a different thing from that for which he was indicted, even though the defendant’s acts are made crimes in the same statute. Each act charged as being an offense in such cases must be sufficiently charged to give the information required by the Constitution. The person must be put on notice of what the state is going to try him for. He cannot be charged with one thing under an indictment and tried for another without violating the Constitution .... [5]
¶ 58. A criminal defendant certainly has a constitutionally protected right to due process of law, which requires that he be “fairly inform[ed] ... of the charge against which he must defend.”[6] If that *152 principle means anything at all, it must surely mean that a criminal defendant may not be tried for or convicted of a crime other than the one for which he was indicted. Stated another way, when a defendant is indicted for a specific crime, it matters not if the State produces at trial overwhelming evidence of guilt of some other crime. We are duty-bound to reverse a conviction, regardless of the evidence, if the defendant was not indicted for the crime for which he was convicted.
¶ 59. The majority correctly observes that the grand jury indicted McBride for a crime that requires the victim to be under the age of fourteen.[7] But the indictment also charged that the crime was committed within a four-year period, more than half of which was past the victim’s fourteenth birthday. And at trial, the State (for reasons not entirely clear) produced evidence of sexual misconduct that allegedly had occurred during those latter two years.
¶ 60. The State, for its own reasons, chose to seek an indictment against McBride for a crime that requires the victim to be under fourteen years old. And the indictment — drawn up by the State and handed down by the grand jury — alleged the period of time during which the crime occurred. I have no way of knowing why the State included in the indictment the two-year period of time after the victim reached her fourteenth birthday — and thus a period of time during which the crime could not have been committed. But since the State did choose to include that period of time in the indictment, I must conclude either that it was done intentionally, or that it was a mistake.
¶ 61. I am unwilling to presume that the State intentionally included erroneous dates, so the State apparently was unaware that Mary had turned fourteen in November 2003. This is especially troubling because evidence of more than one incident of sexual misconduct was presented at trial, and the second very well may have been the conduct for which the grand jury agreed to indict. If so, the indictment was fatally defective because the second incident occurred after Mary’s fourteenth birthday — a time which the conduct did not violate the statute named in the indictment.
¶ 62. Mary testified about two sexual encounters with McBride, one that occurred when she was eleven and another that occurred when she was fifteen.[8] Interestingly, the second incident is squarely within the timeframe charged in the indictment,[9] while the first incident — the one for which McBride was ultimately convicted— was not.[10] So if the State truly was unaware of the date of Mary’s fourteenth birthday, it very well might have present *153 ed the grand jury with evidence of McBride’s actions that occurred after that date — just as it did at trial.
¶ 63. Under these circumstances, we have no way of knowing whether McBride was convicted of the conduct and crime for which he was indicted. Because the appellate record contains no evidence concerning the grand-jury proceedings, and because McBride has presented no argument on this issue, I can only speculate. On the record and briefs currently before us (and assuming McBride was indicted for the first incident of sexual misconduct, and not the second) I agree with the majority that there was sufficient evidence to sustain the conviction. ⅜
¶ 64. But I would not preclude McBride from raising the due-process issue before this Court in a motion for post-conviction relief, through which procedure we may review and consider the grand-jury transcript and other evidence not in this appellate record. In the event that McBride can show sufficient evidence that the grand jury indicted him for a crime other than the one of which he was convicted, he would be entitled to relief.
II. The State violated McBride’s statutory right to a speedy trial.
¶ 65. The trial court erred in denying McBride’s pretrial motion to dismiss for violation of the Mississippi Speedy-Trial Statute.[11] Over the years, numerous decisions of this Court have interpreted this statute’s clear language into meaninglessness. It is long past time for us to apply the plain meaning of the text — as it was written by the Legislature.
¶ 66. Mississippi Code Section 99-17-1 reads, in its entirety:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.[12]
¶ 67. Under a plain reading of the statute, a trial must occur within 270 days of the defendant’s arraignment unless two requirements are met. First, good cause must be shown. Second, a continuance must be “duly granted by the court.” When these two requirements are not met, if “the accused is not tried within 270 days of his arraignment, the defendant is entitled to dismissal.”[13]
¶ 68. Despite our well-settled precedent requiring the strict application of clear, unambiguous statutes,[14] this Court — apparently unfettered by “the most fundamental rule of statutory construction”— has subjected the Speedy-Trial Statute to no small amount of judicial evolution.
¶ 69. For instance, with no statutory authority to do so, this Court now requires that a defendant raise a violation of the Speedy-Trial Statute within some undefined period or risk “waiving] his right to *154 complain” about the violation.[15] And if the defendant manages to do that properly, we still will deny him relief unless he can adequately convince the Court that the illegal delay actually prejudiced his defense — another requirement imposed by this Court without legislative authority.[16] Let’s review how we got here.
¶ 70. The Speedy-Trial Statute, passed in its present form in 1976, was first discussed in Payne v. State,[17] which held that the statute “is plain and unambiguous” and that, when a defendant is not tried within the mandated 270 days, “[t]he only question [that] remains is whether or not the delay comes within the framework of the exceptions in the statute.” [18] If not, the defendant is entitled to dismissal.[19] At least as recently as 1991, the statute was applied in this clear, straightforward manner.[20] Then, the Court began to stray.
¶ 71. In State v. Harrison,[21] decided in 1994, this Court, with no authority whatsoever to do so, decided that a violation of the statute did not really require dismissal of the case unless the delay prejudiced the defendant. This Court stated that, where the State has violated the plain wording of the statute,
dismissal with prejudice is not required by the statute unless the state upon the finding of a violation fails to persuade the court that the violation did not prejudice the defendant’s ability to defend against the charge and that the state did not deliberately engage in oppressive conduct. If the court is so persuaded the remedy shall be dismissal without prejudice to reindictment.[22]
¶ 72. So this Court’s initial judicial amendment to the statute placed the burden on the State to disprove prejudice. And in cases where the State was able to disprove prejudice, the case was dismissed without prejudice to reindictment, so the State had the opportunity ty get it right a second time.[23] But where the State could not disprove prejudice, the case was dismissed with prejudice.
¶ 73. The camel’s nose was under the tent. In a 1996 case, this Court further amended the statute to provide that the Speedy-Trial Statute was not violated at all absent a showing of prejudice. And where Harrison had put the burden on the State to disprove prejudice, Walton shifted that burden to the defendant to prove affirmatively that he was prejudiced.[24] *155 Walton also brought with it the interesting revelation that a criminal defendant loses his statutory right unless he “asserted his right to a speedy trial or objected to a delay,” even suggesting that the defendant may have to raise the issue before the State’s 270 days have expired.[25] As an interesting observation, I know of no other statutory violation that must be raised before the violation actually occurs.
¶ 74. This Court has followed these ill-conceived and incorrectly decided cases for the past fifteen years. And for those who believe the Legislature erred in passing the statute in the first place, this Court’s amendments have worked well. Since Walton, notwithstanding numerous cases in which defendants have been brought to trial long after expiration of the statute’s 270-day limit, this Court has never once held that the State violated a defendant’s statutory right to a speedy trial.
¶ 75. These unfounded and unauthorized judicial amendments to the statute have no place in our jurisprudence. It is facially absurd to expect a defendant to raise the Speedy-Trial-Statute issue inside the 270-day window because, at that point, the statute has not yet even been violated. And beyond that, nothing in the statute even remotely suggests that a defendant will be deemed to have waived the statute unless he demands a speedy trial within some arbitrary time frame. This statute is really no more than a statute of limitations.[26] Just as a cause of action for trespass must be commenced within two years of the offending action,[27] a criminal trial must be commenced — absent the statutory exceptions — within 270 days of arraignment. I know of no other statute of limitation that must be raised before it expires.
¶ 76. The prejudice requirement is likewise erroneous. Nothing in the text of the statute even hints that prejudice must be shown, for any purpose. And even if we assume that prejudice must be shown, there is still no indication in the statute that the defendant should bear the burden of establishing that prejudice. But even if *156 the statute did require the defendant bear the burden of establishing prejudice, this Court repeatedly and consistently has held that when a delay exceeds eight months— or approximately 240 days — the defendant is legally presumed to have been prejudiced.[28] So even if we are to pretend that the statute requires the defendant to prove prejudice, there is no reason to believe that the defendant should not be entitled to the presumption of prejudice created by this very Court.
¶ 77. Mississippi’s Speedy-Trial Statute — which already is one of the most lenient statutes of its kind in the country[29] —does not need this Court’s help. If trying a defendant within 270 days is too onerous a burden, or if dismissal with prejudice in the wake of a violation is too harsh a remedy, Mississippi already has a legislative body, and it doesn’t need another one. The Legislature is perfectly free to do with the Speedy-Trial Statute what it will. We are not.
¶ 78. I would overrule Harrison, Walton, and their progeny, and hold that the plain, unambiguous language of Section 99-17-1 requires that all defendants be tried within 270 days of arraignment unless the State can show good cause, and the trial court duly enters an order of continuance.
¶ 79. Turning then to the facts of this case, McBride was arraigned on August 10, 2006. He was not tried until February 19, 2008 — a span of 558 days. McBride requested a single continuance on February 14, 2008 (five days prior to trial), which was granted. Other than that, there is no indication in the record either that the State requested, or that the trial court granted, any continuances. So 553 days count against the State, more than twice the statutory limit. Consequently, the trial court erred in denying McBride’s motion to dismiss. I would reverse McBride’s conviction and order the charge dismissed with prejudice.
KITCHENS and CHANDLER, JJ, join this opinion.

. Tennison v. State, 79 Miss. 708, 31 So. 421, 422 (1902).

. Although McBride has never claimed — even on appeal — that his constitutional right to due process was violated, because it is a fundamental right, it is appropriate for this Court to raise it sua sponte under plain-error review. Lambert v. State, 462 So.2d 308, 311 (Miss.1984).

. Sanders v. State, 141 Miss. 289, 105 So. 523, 531 (1925) (Ethridge, J., dissenting).

. Jackson v. State, So.3d-,-(Miss.2010) (citing Berry v. State, 996 So.2d 782, *152 785 (Miss.2008); Quang Thanh Tran v. State, 962 So.2d 1237, 1240 (Miss.2007)).

. See Miss.Code Ann. § 97 — 3—95(l)(d) (Rev. 2006).

. Maj. Op. at ¶ 2. The day before trial, McBride's attorney moved in limine to exclude evidence of the second sexual incident, arguing that it was not relevant to whether the first incident occurred and that it was "more prejudicial than probative” under Mississippi Rules of Evidence 403. It does not appear that the trial court ruled on this motion on the record, but McBride’s attorney did not object during Mary’s testimony when she was asked about the second incident. After Mary’s testimony had concluded, the court asked the State its purpose for introducing evidence of the second incident, and the State replied: "That was submitted ... to show plan, intent, motive ... under [Rule] 404(b).”

. Mary was fifteen between November 11, 2004, and November 11, 2005.

. Mary’s twelfth birthday was November 11, 2001, approximately two months before the earliest date charged in the indictment. See Maj. Op. at. ¶ 45.

. Miss. Code Ann. § 99-17-1 (Rev.2007).

. Id. Trial within 270 days of arraignment is also required by Miss. Unif. Cir. & County Ct. R.8.01.

. Reynolds v. State, 784 So.2d 929, 933 (Miss.2001) (citing Nations v. State, 481 So.2d 760, 761 (Miss.1985)).

. Bucket v. Chaney, 47 So.3d 148, 158 (Miss.2010) (citing State ex rel. Hood v. Madison County ex rel. Madison County Bd. of Supeivisors, 873 So.2d 85, 90 (Miss.2004); City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992)) (“The most fundamental rule of statutory construction is the plain meaning rule, which provides that if a statute is not ambiguous, then this Court must apply the statute according to its terms.”).

. Walton v. State, 678 So.2d 645, 649 (Miss.1996). See also Guice v. State, 952 So.2d 129, 142 (Miss.2007) ("a defendant may effectively waive his right to complain of not being tried within the 270-day period set out in Miss. Code Ann. § 99-17-1, when the defendant does not request or assert his right to a speedy trial or object to a delay”).

. See, e.g., Guice, 952 So.2d at 139-40; Jones v. State, 776 So.2d 643 (Miss.2000); Walton, 678 So.2d at 650; Jasso v. State, 655 So.2d 30, 35 (Miss.1995); State v. Harrison, 648 So.2d 66, 71 (Miss.1994).

. Payne v. State, 363 So.2d 278 (Miss.1978).

. Id. at 279.

. Id. (concluding that since delay in excess of 270 was not covered by a continuance, "[t]he cause is therefore reversed and appellant discharged”).

. See Ford v. State, 589 So.2d 1261, 1263 (Miss.1991) ("Since more than 270 days passed between appellant's arraignment and his trial and there is no showing by the State in the record of good cause for the delay, it follows that this case must be reversed and the appellant discharged.”).

. State v. Harrison, 648 So.2d 66 (Miss.1994).

. Id. at 71 (emphasis added).

. Id.

. Walton, 678 So.2d at 650 (quoting Turner v. State, 383 So.2d 489, 492 (Miss.1980)) (Lee, *155 J., dissenting) (‘‘[T]he provisions of ... Section 99-17-1 only require that an accused be discharged in denying him a speedy trial which results in prejudice and in denial of a fair trial to him.... Walton waived his right to complain about not being tried within 270 days, because he neither requested nor asserted his right to a speedy trial or objected to a delay and prejudice has not been shown by Walton. Accordingly, his sentence is affirmed, having no basis for reversal.”)

.Id. at 649-50 ("Walton never raised the speedy trial issue within the time frame prescribed by the statute.") (emphasis added). The Court of Appeals repeatedly has relied on Walton for this proposition. See, e.g., Lipsey v. State, 50 So.3d 341, 352 (Miss.Ct.App.2010) ("[I]f a defendant fails to raise this issue within 270 days of his arraignment, he 'effectively acquiesced to the delay.’ ”); Ray v. State, 27 So.3d 416, 423 (Miss.Ct.App.2009) ("[I]f a defendant fails to raise the statutory right to a speedy trial within 270 days of his arraignment, he acquiesces to the delay.”); Loi Quoc Tran v. State, 999 So.2d 415, 417 (Miss.Ct.App.2008) (”[W]e have held that if a defendant fails to raise the statutory right to a speedy trial within 270 days of his arraignment, he acquiesces to the delay.”); Mims v. State, 856 So.2d 518, 522 (Miss.Ct.App.2003) ("Mims failed to raise this issue within 270 days of his arraignment and, therefore, acquiesced to the delay.”); Malone v. State, 829 So.2d 1253, 1257 (Miss.Ct.App.2002) (“[Malone] failed to raise this issue within 270 days of his arraignment and, thus, effectively acquiesced to the delay.”)

. Folk v. State, 576 So.2d 1243, 1245 (Miss.1991) ("Our 270 day rule is in form and nature not unlike a statute of limitations. It reflects a societal imperative for prompt trials. Beyond this the rule confers a right upon the accused which he may claim no matter how inconvenient society may otherwise deem it.”).

. Miss.Code Ann. § 95-5-29 (Rev.2004).

. Maj. Op. at ¶ 7 (citing Stark v. State, 911 So.2d 447, 450 (Miss.2005); Smith v. State, 550 So.2d 406, 408 (Miss.1989)).

. See, e.g., Folk, 576 So.2d at 1245 n. 3 (comparing Section 99-17-1 to similar statutes in other jurisdictions).