DICKINSON, Presiding Justice,
concurring in part and in result:
¶ 28. I join the majority in result and in most of its analysis. But I cannot join in full its statutory speedy-trial analysis, so I concur in part 'and in result.
ANALYSIS
¶ 29, The majority concludes- that no statutory violation occurred because good cause existed to justify the delay in Hurst’s trial, and because Hurst suffered no prejudice. While I agree that good cause for the delay precludes our finding a statutory violation in this case, the requirement that Hurst demonstrate prejudice has no basis in the statute passed by the Legislature.
Mississippi’s speedy-trial statute does not require the accused to demonstrate prejudice.
¶30. The Legislature’s requirements for a violation of Mississippi’s “speédy trial” statute are found in Section 99-17-1, which states:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.[3]
¶31. Except for demonstrating that more than 270 days have passed since arraignment, the statute places no burden whatsoever on the accused. Rather, the statutory language makes clear the Legislature’s intent that an accused may not be tried more than 270 days after arraignment unless “good cause be shown,” and “a continuance [is] duly granted .by the court.” These two requirements .are the State’s burden, and the statute says nothing about prejudice.
¶ 32, It .is unclear why this Court has strayed from a strict application of the statutory language, but one reason may be that the statute commonly is characterized as reflecting the defendant’s “right” to a speedy trial. Unlike the constitutional right to a. speedy trial, the statute creates no right for the accused; rather, it imposes a burden on the State to try defendants in a timely manner. It is no different from any other statute of limitations.
*747 How the “prejudice” prong of the speedy-trial statute crept into our law.
¶33. In Turner v. State, this Court reversed a defendant’s "conviction based on the State’s failure to bring him to trial within the 270 days allowed by Section 99-17-1.[4] In dissent, Justice Lee expressed his personal opinion — with no citation of authority — that violation of the statute should require an accused to show prejudice:
I think that the provisions of ... Section .99-17-1 only require that an accused be discharged in denying him a speedy trial which results in prejudice and in denial of á fair trial to him.[5]
¶ 34. Sixteen years later, Justice Lee’s view morphed into our precedent in Walton v. State, when Justice Robertson, speaking for a sharply divided Court in rejecting a speedy-trial claim, stated (again without citation of any authority): “The reasoning of Justice Lee’s dissent in Turner v. State ... is most persuasive regarding whether • a- case is dismissible when- tried past the allotted 270. days.”[6]
CONCLUSION
¶ 35. And so it was that a majority of the justices on this Court judicially amende ed Section 99-17-1 -by legislating- the requirement of prejudice. And sadly, today’s majority continues to-follow Justice Lee’s lead. But because I believe we should interpret and apply statutes as they are written by the Legislature, rather than as judges think they should .have been written, I decline to regard prejudice as .a factor in an analysis of a. claimed violation of Mississippi Code Section 99-17-1 until such time as the Legislature joins Justice Lee’s-- dissent in Turner and makes' it a factor to be considered.
KITCHENS AND COLEMAN, JJ., JOIN THIS-OPINION.

. Miss.Code Ann. § 99-17-1 (Rev.2015).

. Turner v. State, 383 So.2d 489 (Miss.1980).

. Id. at 492 (Lee, J.,' dissenting), (emphasis added).

. Walton v. State, 678 So.2d 645, 650 (Miss.1996) (citing Turner, 383 So.2d at 492 (Lee, J., dissenting)),